## WILLIAM MASSEY *v.* THOMAS HACKETT et al.

A copy of a sale or deed of conveyance made and executed by any Sheriff in this State, certified to be a correct copy by the Clerk, has the same effect as evidence in every respect as a duly certified copy of an authentic act.

Parol evidence is inadmissible either to create or to destroy title to real estate.

A witness can only refer to memoranda made by himself to refresh his memory.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Duncan & McConnell*, for plaintiff and appellant. *Clarke & Bayne*, *M. M. Cohen*, *S. L. Johnson* and *G. Schmidt*, for various defendants and appellees.

VOORHIES, J. This is a petitory action, in which the plaintiff claims the ownership of a certain square of ground situated in the city of New Orleans, bounded by Common, Gravier, St. Adeline and St. Magdeline streets. He alleges that a certain tract of land, divided into squares, was seized under several executions and sold by the Sheriff, as the property of *Jean Gravier*, on the 29th of January, 1825, said squares being designated by numbers according to a plan thereof which was then exhibited by the Sheriff; that the square in question, known and described as number nine, was adjudicated to *Howard Henderson*; and that the following conveyances of the same were subsequently made by authentic acts, namely: from *Howard Henderson* to *Solon Hill* for the account of *Artemon Hill* on the 10th of June, 1831, from *Artemon Hill* to petitioner and *Timothy Donnellan* on the 9th of March, 1836, and from the latter to petitioner, on the 3d of March, 1849. It is further alleged that the conveyances from *Artemon Hill* to petitioner and *Donnellan*, and from the latter to petitioner, contain a clerical error in the description of the square thus sold, which should have been described as bounded by Common, Gravier, St. Adeline and St. Magdeline, instead of Common, Gravier, St. Adeline and St. Jeanne streets; and that said error was rectified by an authentic act, executed by *Artemon Hill* in favor of the petitioner, on the 18th of May, 1853.

The defendants pleaded the general issue, and set forth in their answer the various conveyances from their respective vendors, whom they called in warranty. They aver, in this answer, that those under whom their vendors more immediately hold acquired their title to the property in question by purchase from *Benjamin Rodriguez*, by authentic act executed on the 7th of June, 1843; that the lots thus conveyed to them formed part of tha square of ground bounded by Common, Gravier, St. Adeline and St. Magdeline streets, which

was seized and sold by the Sheriff, as the property of *Jean Gravier*, to *Pierre Caillou*, on the 17th of December, 1824; and that the following conveyances constitute this chain of title to *Benjamin Rodriguez*, to wit: *Pierre Caillou* sold to *Jules LeBlanc*, on the 26th of March, 1831 ; *Jules LeBlanc* conveyed to *Mathew Rea*, on the 31st of December, 1831; *Mathew Rea* conveyed to *Henry D. Richardson*, a member of the firm of *S. T. Hobson & Co.*, on the 1st of August, 1838, and on the 29th of April, 1843, *Rodriguez* acquired *Richardson's* title by purchase at a Sheriff's sale, in the suit of *Jonathan Montgomery*, testamentary executor of the late *William Nott*, subrogated to the rights of the Citizens' Bank of Louisiana, against *S. T. Hobson & Co.* It is further alleged by the defendants, that *LeBlanc* and *Caillou* were, together with *Solon Hill*, under whom the plaintiff claims, parties to an act of compromise executed on the 14th of July, 1831, in which the parties declared that they accepted a plan drawn by *Louis Bringier*, on the 19th of May, 1831, dividing anew the Gravier property thus conveyed by the Sheriff, and that it should thenceforth be binding upon them, and the Gravier plan which was considered erroneous was to be null and void ; that the plaintiff, claiming under *Solon Hill*, is estopped by said agreement, &c. We consider it unnecessary to notice the other grounds of defence.

It is in evidence that *John Gravier* was the owner of a certain tract of land situated in the suburb St. Mary, which was partially laid out into squares, designated by numbers, according to a plan made by him in 1820 ; that the squares thus laid out were sold by the Sheriff by virtue of an execution against him to different persons, among others, *John McDonogh, John Longpré, Pierre Caillou, François Dubuc, François Marie Périlliat, James Irwin, Henry de Ende, Alexander W. S. Palmer* and *Howard Henderson* ; that subsequently, on the 27th of April, 1831, *John McDonogh* acquired, by purchase at Sheriff's sale, under an execution against *Jean Gravier*, the residuary interest of the latter to said tract of land situated within the following limits, to wit: " in front, or to the east by the line of St. Paul street, in its whole length from *Périlliat's* line above to Common street below, on the upper side or to the south of *Périlliat's* line, running back from its intersection with St. Paul street to its intersection with Bertrand street, on the lower side, or tŏ the north by Common street from its intersection with St. Paul street and a line parallel with Common street, continued until it intersects the line of Bertrand street, and in the rear, or to the west, by Bertrand street in its whole length." It would seem that in attempting to take possession of their respective squares, under the Sheriff's sales, it was discovered by the purchasers that *Gravier's* plan was erroneous, inasmuch, as it encroached upon a tract of land belonging to *François Marie Périlliat*. On the 19th of May, 1831, a new plan of the squares embraced between St. Paul, Common, Bertrand and Hevia streets was made by *Louis Bringier*, Surveyor General of the State.

Under a written agreement entered into between the parties, or purchasers at the Sheriff's sale, on the 14th of July, 1831, the plan thus made by *Bringier* was accepted as binding upon them, without any exception or reservation, and the Gravier plan declared to be null and void. *Solon Hill*, under whom the plaintiff claims, was a party to that agreement, in which the square claimed by him was described as " number nine, measuring 320 feet 2 inches front on Gravier street, 402 feet 6 inches front on St. Jeanne street, 230 feet 2 inches front on Common street and 402 feet 6 inches front on St. Adeline street;" and the

square in controversy, to which the defendants derive their title from *Pierre Caillou,* was described as "number thirteen, measuring 230 feet 2 inches front on Gravier, 402 feet 6 inches front on St. Adeline, 230 feet 2 inches front on common and 402 feet 6 inches front on St. Magdeline street." *Jules LeBlanc,* the vendee of *Pierre Caillou,* was also a party to the agreement. The claim of title from *Pierre Caillou* to *Benjamin Rodriguez* is satisfactorily shown by the evidence as set forth in the defendants' answer. The square thus acquired by *Rodriguez* was divided into lots and sold by him at auction, on the 7th of June, 1843. The testimony of the auctioneer shows that the square was sold as represented on *Louis Bringier's* plan, which he says is in accordance with the general description of all the property there, the present location of the streets, and the measurement made at the time.

Under this state of the case we are enabled to examine understandingly the various questions presented by the bill of exceptions contained in the record.

1st and 2d. The first two bills of exception present the same question. The defendant objected to questions propounded to two of the witnesses on the stand, on the ground of being leading questions. The object of the testimony was to prove the loss of the Gravier plan. As we consider the plaintiff estopped by the Act of the 14th of July, 1831, from setting up this plan as a muniment of title, it is, therefore, unnecessary to determine the question presented by these bills of exceptions; 18 L. 1; 4 R. 299; 5 R. 200; 2 An. 28; 2 L. 600.

3d. We do not think the Judge erred in overruling the plaintiff's objection to the introduction of a copy of the Sheriff's deed of sale to *Benjamin Rodriguez,* on the ground that the original should have been accounted for or the impossiblity of producing it shown. The 11th section of the Act of 1828, declares that a copy of any sale or deed of conveyance made and executed by any Sheriff of this State, certified to be a correct copy by the Clerk, &c., shall be received as evidence in the same manner and have the same effect in every respect as a duly certified copy of an authentic act. Under this enactment, the copy offered was clearly admissible as evidence. Session Acts of 1828, 154.

4th. The plaintiff objected to the introduction of an act of conveyance from *Bernard McCarty* to *Thomas Hackett* on the following grounds: 1st, that it was as to him *res inter alios acta,* unless given in evidence to prove *rem ipsam* only ; 2d, that it was imperfect on its face, as it referred to a plan as part of it for the description of the lot therein mentioned, the said plan being the primary evidence of the location as well as the dimensions of the said lot, and 3d, that it also contained enunciations of certain judicial proceedings, of which an authentic copy could alone be received as the best evidence. The act was clearly admissible as proof of one of the links of defendant's chain of title. As the property is fully described in the act, the second objection is, therefore, untenable. It is a sufficient answer to the third objection to say, that it was incumbent upon the plaintiff to state specifically the recitals in the deed to which he objected as inadmissible against him, and to request the Judge to charge the jury accordingly.

5th. Parol evidence is clearly inadmissible either to create or to destroy title to real estate. In this respect the testimony of *Louis Bringier* was properly excluded. So far as its tendency was to give effect to the Gravier plan it was also inadmissible, for the reasons which we have already stated. Hen. Dig. 525; 11 L. 251; 4 An. 441; 3 An. 193.

6th. The Judge did not err in ruling out conveyances offered in evidence to which the defendants were neither parties nor privies, on the ground of *res inter alios acta.* Besides, the object of the evidence was to destroy or change the limits which were assigned to the property in controversy under the Act of 14th July, 1831, which could not be done.

7th. The question presented by this bill of exceptions is the same as that decided in the preceding one.

8th. The plan offered as secondary evidence to prove the contents of the Gravier plan was, in our opinion, properly rejected. It was certainly entitled to no effect unless shown to be a correct copy of the original. Moreover, it was inadmissible to affect the location of the square under *Bringier's* survey.

9th. We do not think the Judge erred in refusing to permit the question referred to in this bill of exceptons to be answered by the witness. The object of the question was to elicit the opinion of the witness, a surveyor, in relation to the location of the square of ground in controversy, which was clearly inadmissible. See 7 L. 111.

10th. As the survey made by *Albert G. Blanchard,* to which the defendants were neither parties nor privies, could not affect the location under *Bringier's* survey, it is obvious that the exclusion of the evidence offered to prove its genuineness was immaterial.

11th. The Judge did not err in overruling the objection to the introduction of the document referred to in the bill of exceptions. In regard to the loss or destruction of the original Bringier plan and the document offered as a correct copy thereof, the proof appears to us to be conclusive.

12th, 13th and 14th. The Judge did not err in overruling the objection to the introduction of certain conveyances set forth in the bills of exception, on the ground that the documents therein referred to should be introduced at the same time. The plaintiff, as before observed, could have required the Judge to instruct the jury that recitals contained in acts were only binding upon the parties or privies to such acts.

15th. Considering the testimony referred to in the bill of exception immaterial to the decision of the case, the solution of the question which it presents becomes, therefore, unnecessary.

16th. We are of opinion that the Judge did not err in sustaining the objection to the introduction of the record of the suit of *John McDonogh* v. *LeBreton,* curator, &c., on the ground of *res inter alios acta.* See the case reported in 9th L. R. 531.

17th. The Judge did not err in sustaining the objection to the introduction of the supplemental answer of *Howard Henderson* in the suit of *William Massey* v. *Heirs of Herman,* on the ground that the defendants were not parties to that suit nor claimed under *Howard Henderson.*

18th. The plaintiff objected to the introduction of a deed of sale from *W. W. Hoffman,* as agent of *Artemon Hill,* on the following grounds: 1st, because the act extended beyond the power granted, and was therefore void; 2d, because the act itself did not profess to have any reference to the square in controversy, but appeared to be the contrary; and 3d, because the power of attorney was not authenticated according to law, and the whole document was irrelevant to the issue. These objections could only go to the effect and not to the admissibility of the evidence.

8

MASSEY
*v.*
HACKETT.

19th.  The plaintiff offered to prove by the testimony of *L. H. Pilié* that a plan in the handwriting of *Joseph Pilié*, the witness's father, was the same which was referred to by *Joseph Pilié* as a copy of the original, in the testimony given by him in the matter of the *Succession of T. C. Bates.*  The defendants objected to the showing of the testimony of *Joseph Pilié,* then deceased, to the witness, on the ground that the latter could not refer to it, but could only refer to memoranda made by himself to refresh his memory.  We think the objection was well taken.  See the case of *Pargoud* v. *Grice,* 6 L. 77.

20th.  We think it is clear that the conveyance from *Levi Pierce* and *William Lambeth* to *Jane Placide* on the 29th of April, 1833, was admissible to prove their ratification of the Act of the 14th of July, 1831.  The plaintiff offered in evidence a deed of conveyance from the estate of *J. C. Bates* to *Pierce* and *Lambeth* of the same property.  We think it was properly rejected on the ground that the property therein conveyed formed no part of the matter in dispute, and could not affect the rights of the defendants.

21st.  We concur in opinion with the Judge, that the documents purporting to be copies of original plans (not authentic) were not such as were admissible under the rule invoked by the plaintiff in relation to ancient documents.  But, conceding for a moment their admissibility, still we do not think they could avail the plaintiff for the purpose of affecting or changing the location which was made under *Bringier's* survey.

22d and 23d.  We consider the questions presented by these bills of exceptions similar to some of those upon which we have passed in the other bills of exceptions.

On the merits, we think the evidence shows clearly that neither the plaintiff nor any one of those under whom he claims ever had the actual possession of the property in controversy.  Whilst on the other hand it appears that the location of said property was in accordance to the Act of 14th July, 1831; that some of the defendants acquired possession by actual occupation immediately after the sale from *Rodriguez* and others shortly thereafter; that the vendees of *Rodriguez* and those claiming under them have continued ever since to hold openly and uninterruptedly the possession thus acquired by them; that there was another square contiguous to the one in controversy which was designated at the time as the plaintiff's property, and the only one which was then claimed by him; that in several of the conveyances forming the plaintiff's chain of title, the square conveyed to him is described as being bounded by Gravier, Common, St. Adeline and St. Jeanne streets, a square distinct from the one in controversy; that in the pleadings of a suit instituted by plaintiff against the *heirs of Herman* he claimed as his property the square of ground situated between Common, Gravier, St Adeline and St. Jeanne streets, according to the calls of his title; and that on the 18th of May, 1853, about three weeks previous to the institution of this suit, *Artemon Hill* executed an authentic act in favor of the plaintiff, declaring that he had, by an Act passed on the 9th March, 1836, sold to *Timothy Donnellan* and *William Massey* a square of ground designated by the number nine on a plan made by *John Gravier,* bounded by Common, Gravier, St. Jeanne and St. Adeline streets in the faubourg St. Mary, when in point of fact the said square is bounded according to the original plan of *Jean Gravier* by Common, Gravier, St. Magdeline and St. Adeline streets.

Under these and other circumstances described by the record, we think it is clear that the defendants' title should prevail over that of the plaintiff to the property in controversy.

It is, therefore, ordered that the judgment of the court below be affirmed, with costs.