## No. 963.

### STATE OF LOUISIANA vs. W. L. THOMPSON.

In a prosecution for embezzlement, the receipt of the prosecuting witness for the amount alleged to have been embezzled, given subsequently to the Indictment and arrest of the prisoner, is not admissible in evidence.

It is no defect in the Indictment, that it does not describe the sum of money alleged to be embezzled, as consisting in coins or bank notes.

The whole Record of a suit having been offered in evidence by the accused and admitted without objection, the Court had no right to prevent him from reading certain parts of the Record to the Jury in the argument. For this reason, the verdict and sentence should be set aside, and the case remanded.

APPEAL from the Superior Criminal Court, parish of Orleans. *Whitaker*, J.

J. C. Egan, Attorney-General, for the State, Appellee.

James C. Walker and C. McRae Selph for Defendant and Appellant:

First—The judge should limit his charge to giving the jury a knowledge of the law applicable to the case ; and when he undertakes to define a crime, he should use clear and intelligible language.

Second—It is irregular, and the example open to abuse, that the judge should warn the accused not to compel the court to pass so frequently on matters of evidence in the presence of the jury.

Third—Evidence should be received to show that money alleged to have been embezzled has been paid to prosecuting witness by the accused since his arrest.

Fourth—When a bill of exceptions does not contain the true grounds of the judge's opinion, he should decline to sign it, instead of contradicting the facts as set forth in the bill.

Fifth—The accused has the right to read his plea to the jury empaneled to try the charge against him.

Sixth—The giving of a check in payment of a sum of money alleged to have been embezzled, does not tend to prove the crime charged, and therefore is inadmissible as evidence in the cause.

Seventh—When the record of a judicial proceeding has been introduced in evidence, and filed on the trial of a cause against an accused, he has the right to read the whole of it or a part only to the jury, on the argument of the case ; and the judge has no authority to restrain or control his discretion or choice in this respect.

Eighth—The burden of proof is on the State to prove that an attorney-at-law on trial for embezzlement has feloniously kept more than his fees out of the amount collected by him for his client, and the accused should be allowed to offer evidence of the value of the services he claims to have rendered.

Ninth—When the thing alleged to have been embezzled is not indicated by the indictment, the defect is one of substance, and not one of form, and the omission vitiates the indictment. It should set forth whether the money alleged to have been embezzled consisted in gold or silver dollars, or in currency.

---

The opinion of the Court was delivered by

Levy, J. William L. Thompson was indicted on the 22d of July, 1879, on the charge of embezzlement, was tried by a jury, found guilty, and sentenced to one year imprisonment at hard labor in the State Penitentiary, and to pay the costs of prosecution. The accused made a motion for a new trial, which was overruled, and he has appealed.

The indictment charges "that one William L. Thompson, late of the parish of Orleans, on the 21st of January, 1879, with force and arms, and within the jurisdiction of the Superior Criminal Court for the parish of Orleans, being the attorney of one John G. Dyer, did, by virtue of such employment, then, and while he was so employed as aforesaid, receive and take into his possession certain money, to wit., the sum of one hundred and fifteen dollars and ten cents, for and in the name and on the account of the said John G. Dyer, his employer, as aforesaid, and the said money of him, the said John G. Dyer, so received by the said William L. Thompson, as aforesaid, he, the said William L. Thompson,

did, then, fraudulently and feloniously, wrongfully use, dispose of, conceal, and otherwise embezzle," etc., with the usual and statutory closing of the indictment.

We find several bills of exception taken to the charge and rulings of the court, on which the accused relies for a reversal of the judgment in this case. We will consider them as presented in the brief of his counsel.

The first bill of exception is to the charge given by the judge to the jury. The accused requested the court to charge " that all attorneys-at-law in this State have a special privilege in judgments obtained by them." The court did so charge, and added the following : " That if the defendant kept more than his fee out of the amount of the reception of the money, and feloniously converted the balance to his own use by embezzling it, he was guilty as alleged." The charge was given by the court as requested by the accused ; it was a proper charge ; the additional words did not annul, change, or vitiate this charge, and contain nothing which is illegal, and no expression of opinion as to the facts ; the hypothesis and deduction therefrom do not constitute the statement of any illegal proposition or comment upon the facts, and cannot be considered as calculated to mystify the jury or prejudice the accused. It might have been more concise, and, perhaps, it contained redundancy, repetition, or innocent surplusage, but still it affords no ground for reversal of the judgment.

The next bill of exceptions was taken to the declaration made by the judge : " That he warned the accused, in a friendly spirit, not to compel the court to pass so frequently on matters of evidence in the presence of the jury." In the language of the judge : " This warning was given in a friendly spirit, not to compel the court to pass so frequently on matters of evidence in the presence of the jury. This warning was matter of humanity, to shield the accused from the consequences of his manifest indiscretion." We are unable to perceive in what manner the accused was injured or prejudiced by this declaration or warning. Instead of manifesting any disposition to curtail the legal rights of the accused, it seems to have been intended to operate as a warning in his interest, and a humane intimation in his behalf. However it may be regarded by the accused himself, and the motives of the judge a quo misunderstood or misinterpreted by him, it did not, in our opinion, injure him, and was not calculated to create any unfavorable impression upon or prejudice the jury against him. The fact that the accused conducted his own defense, and acted as his own lawyer on the trial of the case, may well have influenced the court, in this instance, in counseling and advising him, as complained of. It affords another illustration of the truth that gratuitous advice is never very highly appreciated.

The fourth bill of exceptions is taken to the refusal of the court to allow the accused to introduce in evidence the prosecuting witness's receipt for the money which the accused is charged with having embezzled from him. In the bill, the accused states that the District Attorney did not object to the introduction of this evidence, and that the court, *ex proprio motu*, and without objection from the District Attorney, refused to allow said receipt to be introduced in evidence. In the bill the court, in its reasons for such refusal, states " the District Attorney objected to the introduction of the receipt when offered in evidence, on the ground that it and the record showed it was dated after the indictment and arrest of the accused in the present case, and the court held the objection good." While the statements of the accused and of the court set forth *in the bill* are thus contradictory, we are of opinion that the statement, reasons, and grounds embodied therein by the court must be regarded as correct and accepted as true, and must be considered by us, rather than the adverse statement of the accused. If the court had refused to sign the bill of exceptions tendered by accused, the law points out the means by which he might be compelled to perform that duty. C. P. 899. But no step has been taken herein. The reasons and statement of the court form a part of the bill of exceptions ; no question of their correctness was raised, as appears by the record; but incorporated in the bill and presented to us without question in the court below, they are brought before us by the accused appellant himself, and we treat the statement of the court as entitled to full weight, and conclusive as to the facts recited. We think the court properly refused to allow the evidence. The receipt, given subsequent to the indictment and arrest, could not affect the guilt or innocence of the accused on the charge for which he was indicted, was wholly irrelevant, and therefore there was no error in the ruling of the court.

The objection alleging a defect in the indictment as not setting forth and describing that the sum of money declared to have been embezzled consisted in coins or bank-notes, etc., has no weight. Rev. Stat. § 1061.

As to the exception to the admission in evidence of the check signed by the accused, and dated January 25th, 1880, we can see no reason why it should have been excluded. It was properly admitted as a part of the transaction out of which the offense charged grew, and was admissible as a circumstance or fact to show the receipt of the money alleged to have been collected, and may be regarded as a part of the *res gestæ*.

A serious, and, to our minds, insuperable objection in this case, which goes to the validity of the proceedings had on the trial, is set forth in the bill of exceptions, in which the accused complains that the court refused to allow the defendant to read *only* a portion of the record of the suit of Dyer vs. Burdeau to the jury in argument. In this bill,

the court in the statement and reasons shows that "in his argument the defendant read to the jury the parts of the record excluded by the court. It has been established by credible testimony, that the services of the defendant were engaged by Dr. Dyer for a stipulated sum; that the sum had been paid; that the alleged collection by Thompson for Dyer had been made, and that Thompson concealed the fact from Dyer after the collection. Thompson attempted on his trial to prove a *quantum meruit*. Under the circumstances the court excluded testimony of the value of his services, the purpose for which the documentary evidence alluded to was offered, but which was subsequently got before the jury in defendant's argument in his own behalf."

The transcript shows that the records in the suit of Dyer vs. Burdeau were offered in evidence on the trial of this case, were received without objection, "submitted to the jury, and filed in evidence."

The court, in its reasons, states that the record was offered to prove the value of defendant's services under a *quantum meruit*, and, further, that the defendant offered to read part of the record which had been excluded by the court.

The transcript distinctly shows that the whole record in the suits was offered and received in evidence, and was, therefore, before the jury. No objection seems to have been made to its introduction, and being thus in evidence, the accused was entitled to use, to refer to, or to read the whole or any part of it. Nothing appears in the transcript showing the exclusion of any portion of this record by the court. Indeed, the bill of exceptions signed by the judge recites that the "record and all of the papers of the suit of Dyer vs. Burdeau were offered in evidence." We think it was sufficient that the record was before the jury in evidence, no matter for what purpose, to entitle the accused to read it before the jury, and he could read the whole or any part of it, as he thought proper. The court gives as a reason for excluding the evidence that "it had been proved by credible testimony that the services of the defendant were engaged by Dr. Dyer for a stipulated sum, and that the sum had been paid," and that "Thompson attempted on his trial to prove a *quantum meruit*, and under the circumstances the court excluded testimony of the value of his services, the purpose for which the documentary evidence alluded to was offered."

*Non constat* that the accused might not have disproved that the alleged stipulated sum was not really stipulated, or that the sum was not paid, or that there was not a subsequent agreement by which he was entitled to an additional sum, or that he was to be paid a further sum, dependent upon the value of his services.

At any rate, for whatever purpose the accused desired to read the record in evidence, it being filed, and before the jury, he had the right

to read, and bring it, as he might think, more directly to their attention.

We think the court erred in refusing or restricting this clear right of the accused. For, whatever the evidence contained in the record was worth, the accused had the right to present it to the jury, who would have given it its proper weight.

It is therefore ordered, adjudged, and decreed that the verdict and sentence of the lower court be set aside, and the judgment therein be annulled, avoided, and reversed, and that this case be remanded to the court again to be proceeded with according to law.