No. 9460.

### THE STATE OF LOUISIANA VS. PHILIP W. COLLENS.

Error in excluding testimony offered to contradict a witness who has testified that the confession of the accused was voluntary, is inconsequential when the excluded testimony was afterwards heard and went to the jury, and when the judge states that it could not have affected his ruling admitting the confession.

In prosecution for embezzlement of funds of a foreign corporation, it is sufficient to prove the *de facto* existence of the corporation, and it is not essential to prove the law of the State under which it was incorporated and the conformity of the charter thereto.

A statement by the judge that the charter received in evidence is "in due form," must be held to refer to the *form* as supporting its admissibility and not to its sufficiency as proof.

There is no error in the judge's permitting to be read to the jury documentary evidence which had been duly offered and received in evidence, even after submission of case and delivery of the charge. The jury had the right to hear such evidence read, and might themselves have asked it, even after retiring to deliberate.

A PPEAL from the Criminal District Court for the Parish of Orleans. *Baker*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee:

1. A confession, if proven to have been voluntarily made, is admissible in evidence.

2. In an indictment for embezzlement, if the ownership of the property stolen is alleged to have been in a corporation, it is sufficient if its *de facto* existence is established. 2 Bish. Cr. Pro. § 752.

*Wm. R. Whitaker* and *A. E. Billings* for Defendant and Appellant:

1. It must be shown to the court that a confession has been voluntarily made before it can be admitted in evidence. · The evidence to this point is preliminary, and addressed not to the jury but to the judge. It is competent for the defense to contradict the testimony of a witness for the State relative to the absence of inducements tending to influence a confession, while the sole issue before the court is the admissibility of the confession. The proper time for such contradiction is before the rendering of a decision of the ques-

tion of admissibility.  State vs. Nelson, 3 Ann. 499; State vs. Peter, 14 Ann. 522; State vs. Garvey and Earle, 25 Ann. 193; same case, 28 Ann. 927; State vs. Johnson, 30 Ann. 882; State vs, Platte, 34 Ann. 1062; State vs. Molisse, 36 Ann. 921; Greenleaf Ev. § 219.

2.  Where embezzlement be charged, it is necessary that the relations of principal and agent, as laid in the indictment, shall be established as laid, and it is equally necessary that the proof should be sufficiently responsive to the allegations to establish the existence of the principal at the time of the alleged violation of the trust imposed.  Cohen vs. People, 5 Parker Crim. Rep. 337; Com. vs. Atwood, 11 Mass. 11;  U. S. vs. Howard, 3 Sumn. 12;  U. S. vs. Porter, 3 Day, 283;  John vs. The State, 24 Miss. 569;  State vs. Clark, 3 Foster, 429; State vs. Hughes, 1 Swan, 262; State vs. Copp, 15 N. H. 212; State vs. Shoemaker, 7 Mo. 177; Morrison vs. State. 24 Miss. 36.

3.  In this case, it having been alleged that the principal was a corporation organized under the laws of the State of Georgia, the State should have introduced in evidence the laws of Georgia to have given the jury opportunity to ascertain whether those laws had been complied with in the incorporation of the alleged principal.  The weight and value of testimony upon this head were solely for the jury, and were not to be commented on by the trial court.  Rev. Stat. 991; State vs, Washington et al., 30 Ann. 49; State vs. Asberry, 36 Ann. —, (N. R).

4.  After the delivery of the charge of the court to the jury, it was too late to permit the reading of hitherto unread evidence for the prosecution.  8 Geo. 173; 37 Tex. R. 121; State vs. Colbert, 29 Ann. 715.

The opinion of the Court was delivered by

FENNER, J.   This case is before us on three bills of exceptions, viz:

1. A written confession of the defendant was offered in evidence.

The prosecuting witness was put upon the stand to prove its verity and that it was made voluntarily.  He was then interrogated by defendant's counsel as to whether he had not stated to the brother of defendant that he had promised defendant if he would make the statement he should not be prosecuted.  The witness having denied this, the brother was offered as a witness to contradict him; but the court refused to permit the brother to testify and admitted the confession—to which refusal and admission the bill is taken.

Inasmuch as the testimony of the brother was afterwards received and went to the jury, we do not see how the defendant was harmed.

So far as the jury was concerned, he had the full benefit of it.

So far as the judge was concerned, as to whom alone its reception at that moment was of importance as influencing his ruling on the admission of the confession, he informs us in the bill it would not have influenced his ruling; and that, notwithstanding the brother's testimony, he believed the evidence of the confession was admissible.

So inconsequential an error would not justify our interference.

2. The prosecution was for embezzlement of funds belonging to a corporation chartered under the laws of Georgia—the Southern Express Company.  The charter of the company, duly authenticated, had been

State vs. Collens.

offered and received in evidence without objection.  After the court had made its charge to the jury, counsel for defendant requested the court to give the following special charge: " In order to convict the accused, the State must have proved that the Southern Express Company was duly incorporated under the law of the State of Georgia, and such law must be established by the production of an official copy of the statutes of that State or by a certified copy of the act under seal of the State."

The judge refused this charge, holding that he had sufficiently stated the law in his original charge wherein he had instructed the jury that "they must be convinced of the corporate existence of the Southern Express Co."

We think it very clear that the special charge involved more than the law required; for it is well settled that, in matters of theft or embezzlement of property of corporations, it is sufficient to establish the *defacto* existence of the corporation.  2 Bishop, Cr. Proc. § 752 ; People vs. Barrie, 49 Cal. 342 ; Smith vs. State, 28 Ind. 321.

In stating his refusal, the judge further said that the charter of Southern Express Co. had been admitted in evidence without objection and that it was in due form and that if it had not been, the court would not have permitted it to have been filed."

This statement was also objected to on the ground that it trenched on the province of the jury to determine the sufficiency of the evidence. We do not understand such to have been the effect of the statement. It obviously refers merely to the *form* of the evidence as justifying its admission—not to its *weight* as proof.

Finally, counsel for defendant having suggested that the charter and accompanying certificates had not been read to the jury, the court permitted them then to be read to the jury.  This was objected to on the ground that the evidence had been closed, the charge delivered and said reading was out of time and illegal.  Had new evidence been received, the objection might have had force; but we can perceive no possible objection to reading to the jury documentary evidence which had been seasonably offered and received at any time.  It gave the jury no information to which they were not entitled, and even after retiring, the jury might have returned into court and requested that the evidence might be read over to them.

We discover no error in the ruling of the judge.

Judgment affirmed.

Rehearing refused.