(42 South. 427.)

No. 16,356.

STATE v. ADAM et al.

(Nov. 26, 1906.)

CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL.

Documents offered on behalf of the state and received in evidence during the trial of a criminal case, but not then read to the jury, may be read by the prosecuting officer in his closing argument.

(Syllabus by the Court.)

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; William Pierrepont Edwards, Judge.

Morris Adam and Riley Nelson were convicted of larceny, and appeal. Affirmed.

Gordy & Gordy, for appellants. Walter Guion, Atty. Gen., and John Nugier, Jr., Dist. Atty. (Lewis Guion, of counsel), for the State.

## Statement of the Case.

MONROE, J. Defendants were convicted of larceny of a coat, a pocketbook, a sum of money, and certain other effects belonging to Willie Campbell, and they rely in this court upon a single bill of exception, from which, including the statement of the district attorney and the judge, read in connection with that of the clerk, it appears that: "The accused found the goods in the road, then left the road and took a path through the woods. The owner hailing them, they refused to stop, but hurried on in the woods, dividing the money, threw away the pocketbook, and one took the coat, which was found at once by the sheriff hid above the bed tester of his mother's house." That during the trial the district attorney made the following offer, to wit: "Gentlemen of the jury, I offer the pocketbook, containing papers. Do you wish to examine it?" Whereupon counsel for defendants asked leave to look at the book, and, leave being granted, examined the contents, after which the documents contained in the book were exhibited, but not read, to the jury, who expressed no desire to have them read. That in the argument counsel for defendants cited law to the effect that, where property is lost on a public road, the finder does not become guilty of larceny by appropriating the same, unless, at the time of finding, there are earmarks whereby he may

know to whom it belongs, which, in the closing argument, the district attorney proposed to answer by exhibiting to the jury the documents contained in the pocketbook, and calling their attention to the fact that they consisted of receipts for money paid by Willie Campbell, the person by whom the pocketbook had been lost.

"Counsel for defendants objected to the district attorney in argument explaining to the jury * * * what the contents of the pocketbook are, or reading the contents of it to the jury, for the reason that the case, as to the defendants, * * * was completely closed, and they are not now in a position to explain or deny or disprove the contents of the pocketbook; that the jury should decide the case upon the evidence that was offered to them before the arguments and examined at the time the district attorney offered his evidence in chief and in rebuttal, no evidence of the contents of the pocketbook having been offered at any time previous to the argument"—which objection was overruled by the court in the following terms:

"The court permitted the district attorney to comment upon the contents of the pocketbook to the jury, and to call their attention to the papers therein, because it was proper to show the jury as evidence from which the defendants could have at once ascertained who the owner was, which is a material fact."

The statement per curiam, incorporated in the bill, contains, in addition to the excerpts given above, the following, to wit:

"The foregoing bill, as amplified by the statement of the district attorney and with this statement, is approved. * * * The defendant offered no evidence except a motion for a continuance, alleging that they could prove by an absent witness that the possession had been open and notorious, and that they had traveled in their usual road after finding the goods. There was plenty of evidence to show felonious intent, to my mind, besides the so-called earmarks. The pocketbook and contents were before the jury, and the state had a right to comment upon them, even if the district attorney did not read them at the time of offering same."

## Opinion.

Counsel for defendant say in their brief:

"Documentary proof is not considered to have been introduced as evidence in a criminal case unless read to the jury by the district attorney or clerk of court, or unless the jurors themselves inspect the proof."

In view, however, of the rule that documents intended to serve as proof, whether in a criminal or civil case, can neither be read to or inspected by the jury until they have been offered and admitted in evidence, we apprehend that the most that can be claimed for the proposition stated is that documents offered and received but never read or submitted to the jury, will be considered as not having been offered and received. Without stopping to inquire into the soundness of this proposition, it is sufficient, for the purposes of the present case, to say that we know of no rule which requires that a document offered and received, should be at once read to the jury, or which precludes the subsequent reading, whether it be read when offered or not. In State v. Collens, 37 La. Ann. 607, the defendant being prosecuted for the embezzlement of the funds of a corporation established under the laws of the state of Georgia, and it being necessary to prove the existence of such a corporation, the charter was offered and received in evidence during the trial, but was not at the time read to the jury, and, the point being made by defendant's counsel, the court, over the objection that such reading was out of time and illegal, permitted it to be read after the charge had been delivered, saying:

"Had new evidence been received, the objection might have had force, but we can perceive no possible objection to reading to the jury documentary evidence, which had been seasonably offered and received at any time. It gave the jury no information to which they were not entitled, and, even after retiring, the jury might have returned into the court and requested that the evidence be read over to them."

See, also, State v. Thompson, 32 La. Ann. 796.

The learned counsel contend that the reasons assigned by the judge a quo for the ruling complained of, as taken down by the clerk, to wit, "The court permitted the district attorney to comment upon the contents of the pocketbook to the jury, and to call their attention to the papers therein, because it was proper to show the jury as evidence from which the defendants could have at once ascertained who the owner was," conflict with his statement, made part of the bill of exception, that the "pocketbook and contents were before the jury, and the state had a right to comment upon them, even if the district attorney did not read them at the time of offering of same."

We do not, however, discover the conflict, as we understand that, in both instances, the judge dealt with the documents in question as having been offered and received in evidence, but not at the time read to the jury. There being no error in the ruling to which the defendants excepted, the verdict and judgment appealed from are affirmed.