(101 South. 252)

No. 26587.

## STATE v. WILKERSON.

(June 20, 1924.    Rehearing Denied July 8, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⊂⊃667(2)—Defendant excepting to testimony entitled to have it taken down.**

On objection to evidence, when defendant demands it, he has right under Act No. 113, of 1896 to have clerk, or judge himself, if he is his own clerk, take down, not conclusion of fact reached by clerk or by judge, but testimony itself, so that reviewing court may reach its own conclusion of fact based thereon.

2. **Criminal law ⊂⊃1202(3)—Former conviction may be proven by original proceedings, and certified copy unnecessary.**

In proving former conviction, clerk of court in which conviction occurred need not furnish a certified copy of proceedings had, but may produce and read from original proceedings themselves.

3. **Criminal law ⊂⊃398(1)—An original is always admissible where certified copy would be.**

An original is always admissible where a certified copy thereof would be, universal rule being that best evidence alone is admissible, and right to produce copy being merely statutory exception.

4. **Criminal law ⊂⊃663—To read a document to judge or jury is producing it in evidence.**

To read a document or record to judge or jury in presence of adverse party who has inspected same or had opportunity to do so is to produce that document itself in evidence and document itself need not be handed to judge.

5. **Indictment and information ⊂⊃159(2)—Affidavit could be amended by insertion of word.**

Affidavit for having intoxicating liquor in possession for sale was properly amended after defendant moved to quash because of omission of word "did" before words "have in his possession for sale," etc., in view of Act No. 156 of 1898.

6. **Indictment and information ⊂⊃114—Affidavit held not to support conviction for second offense.**

Since possession of intoxicating liquor, unless it be for beverage purposes, is no offense, an affidavit charging possession for beverage purposes, and also charging former conviction for "having intoxicating liquor in his possession," would not support conviction for second offense.

Land, J., and O'Niell, C. J., and Leche, J., dissenting in part.

Appeal from City Court of Alexandria; Al Hundley, Judge.

R. P. Wilkerson was convicted of having intoxicating liquor in his possession as a second offense, and appeals. Reversed and remanded.

. Bruton T. Dawkins, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

ST. PAUL, J. The defendant was charged with having "in his possession for sale intoxicating liquors for beverage purposes"; it was further charged that he had once before been convicted of "having intoxicating liquor in his possession."

Thereupon he was found guilty, and sentenced as for a *second offense*.

### I.

Defendant moved to quash the charge; but, as the motion was based on the face thereof, we will, for convenience, treat it as if made in arrest of judgment, and postpone consideration thereof for the present.

### II.

The defendant complains that, having excepted to the admission of certain testimony, he demanded that said testimony be "taken down in writing in accordance with law (Act 113 of 1896) to be attached to a formal bill of exception for the information of the appellate court," which request the trial judge refused.

Act 113 of 1896, p. 162, provides that, when a bill of exception is taken in a criminal case appealable to this court, "the court shall at the time and without delay order the clerk to take down *the facts* upon which the bill has been retained, which *statement of facts* * * * shall be taken by the appellate court as a correct statement upon which the exception is based." (Italics ours.) Section 1.

The trial judge says that "no stenographer was available, and the court had no clerk," he being *his own clerk*. Act 96 of 1921, § 2, par. 2, p. 202.

In State v. Blassengame, 132 La. 250, 61 South. 219, this court said (page 258 [61 South. 222]) that "the facts" which the clerk was thus required to take down, were not merely the conclusion of the judge and still less those of the clerk himself, but "which facts, as we interpret the law, consist of the testimony offered, the objection thereto, and the ruling upon the objection." And the court said further (page 259 [61 South. 222]):

"The only argument that is (or, so far as we can see, can be) advanced against according to a defendant in such case the right to have the witnesses recalled is that of inconvenience."

And then continued (further down):

"On the other hand, if, as we think is the case, the law gives to a defendant on trial * * * the right to present to this court on appeal the evidence adduced on a question of fact underlying a vital adverse ruling upon a question of law, *the important matter* for this court to see to is that he is not deprived of that right, and *it is immaterial* how many witnesses it may be necessary to recall in order that he may enjoy it." (Italics ours.)

[1] It follows, therefore, that, when a defendant demands it, he has the right to have the clerk (or the judge himself, if he be his own clerk) take down, *not the conclusion of fact reached by himself or by the judge*, but the testimony itself, so that *this court* might reach its own conclusion of fact based thereon.

In the case before us the trial judge did not do this; he has simply stated in his *per curiam* his conclusions as to what the testimony showed, but has not given that testimony. And accordingly his refusal to do so is reversible error.

### III.

[2, 3] The defendant complains that in proving his former conviction the clerk of the district court (in which the conviction took place) did not furnish a *certified copy* of the proceedings had, but produced in open court, and read from, the original proceedings themselves.

The objection is purely frivolous. An original is *always* admissible where a certified copy thereof would be; the universal rule being that the *best* evidence alone is admissible, and the right to produce a copy in lieu of an original being a mere statutory excep-

tion to such rule. 22 Corpus Juris, 819–823; Massey v. Hackett, 12 La. Ann. 54; Baudin v. Pollock, 4 Mart. (O. S.) 613; Priver v. Adams, 5 Mart. (N. S.) 692.

[4] As to the objection that clerk of the district court *read* the record to the trial judge in open court, instead of physically handing it to him to read for himself, that, too, is frivolous. To *read* a document or record to a judge or jury in the presence of the adverse party (who had inspected the same, or had an opportunity to do so) is to produce that document itself in evidence; indeed, it would be highly inconvenient and often impossible to pass such documents and records from hand to hand, and also a useless waste of time. In practice it is rarely done otherwise; and common practice is generally good law.

## IV.

[5] Returning now to the motion to quash: The defendant complains that the charge as originally drawn omitted the word "*did*" before the words "have in his possession for sale," etc., and that (over his objection) the district attorney was allowed to amend by inserting same.

Of course a charge which makes *no sense* is fatally defective; and a fatally defective *indictment* cannot be amended. State v. Smith, 49 La. Ann. 1524, 22 South. 882, 62 Am. St. Rep. 680; State v. Johnson, 46 La. Ann. 5, 14 South. 295.

But it is otherwise with an *information*, which can be amended at any time. State v. Terrebonne, 45 La. Ann. 26, 12 South. 315; Act 156 of 1898, p. 294. And an *affidavit* is a still more informal method of prosecution. The charge in this instance was by affidavit; and the bill is therefore without merit.

[6] 2. Defendant complains that the matter set forth as his former offense was *no offense at all*; this court having repeatedly held that the mere possession of intoxicating liquor *unless for beverage purposes* was not an offense against the laws of this state.

If the charge had simply stated that the present was defendant's *second offense* under the statute, without going into details, it might perhaps have sufficed (though, as to that we express no opinion. See, however, State v. Compagno, 125 La. 669, 51 South. 681; State v. Nejin, 140 La. 793, 74 South. 103; and Brittian v. State, 85 Tex. Cr. R. 491, 214 S. W. 351).

But in this case the alleged former offense was no offense at all, and had defendant *pleaded* guilty he could not have been sentenced except as for a first offense; since on the face of the papers *he was charged with no more*. And since he was *charged* with no more than a first offense, he could be convicted of no more.

And it is quite immaterial what the record of his alleged former conviction showed. If it showed that he was convicted only of that of which he was said to have been convicted, then his alleged second offense was only his first. If the record showed that he was convicted of an offense under the statute, then it showed more than was charged against him in this prosecution, and should not have been received. In either case he should not have been convicted for a *second* offense; in the first, because he was not guilty of a former offense, and in the second, because he had not been charged with it.

We are therefore of opinion that both sentence and conviction were erroneous, and that defendant should have a new trial.

### Decree.

The verdict and sentence herein are therefore set aside, and the case is now remanded for a new trial according to law.

O'NIELL, C. J., is of the opinion that the sentence is excessive, but dissents from the ruling that the court's refusal to have the

evidence taken down justifies the annulment of the verdict.

LAND, J., dissents as to the applicability of Act 113 of 1896 to ·city courts, but concurs otherwise in decree.

LECHE, J., dissents from the proposition that "an original is *always* admissible when a certified copy thereof would be" (Thompson v. Freeman, 34 La. Ann. 996; Horton v. Haralson, 130 La. 105, 57 South. 643), and otherwise concurs in the opinion.

LAND, J. (dissenting in part). Act 113 of 1896 cannot possibly apply to prosecutions in city courts for two very plain reasons:

(1) There were no city courts in existence in the state of Louisiana in the year 1896 when the act was adopted.

(2) At that date the district courts of the state were the only courts in which criminal cases were prosecuted. Article 121 of the Constitution of 1879 provides that—

"There shall be a clerk of the district court in each parish, the parish of Orleans excepted, who shall be ex officio clerk of the court of appeals.

"He shall be elected by the qualified electors of the parish every four years, and shall be ex officio parish recorder of conveyances, mortgages and other acts, and notary public."

The language of Act 113 of 1896, "the court shall at the time and without delay order *the clerk* to take down the facts upon which the bill has been retained," therefore clearly refers to district courts, and to district clerks elected for such courts under article 121 of 1879, as there was no constitutional provision for clerks at that date for any other courts. In the year 1896 the police courts of the city of New Orleans, as at the present time, had no jurisdiction to try criminal cases, their jurisdiction being limited to the enforcement of municipal ordinances. Const. 1879, art. 136; Const. 1921, § 94, art. 7.

At no time have the courts of justices of the peace been vested with jurisdiction to try criminal cases. If the mere fact that· a city judge is his own clerk justifies the inclusion of city courts within the provisions of Act 113 of 1896 as to taking formal bills of exceptions in criminal cases, then, by the same process of reasoning, we must include within the act all mayors' courts and recorders' courts, because the mayor or the recorder may be his own clerk in the trial of city ordinances.

City courts were created by the Constitution of 1898 in lieu of courts of justices of the peace in cities with a certain population, and city courts are no more courts of record than the courts of justices of the peace, mayors, or recorders. Const. 1898, art. 96.

If these inferior tribunals, in which the proceedings in the trial of mere misdemeanors and municipal ordinances, have been simplified by prosecution on affidavit, are to be incumbered with the formality of criminal procedure in district courts, the delay in the trial of such cases and the extra cost to the taxpayer will, in my judgment, soon become intolerable.

The congestion already in the· courts of the state is to be deplored. It should not be increased by placing a strained construction upon Act 113 of 1896.

I therefore dissent as to this bill, but otherwise concur in the decree.

Rehearing refused by the WHOLE COURT. -