306 So.2d 671 (1975)
STATE of Louisiana
v.
Edwin C. ROWELL.
No. 55314.
Supreme Court of Louisiana.
January 20, 1975.
*672 Donald Sharp, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Alfred B. Shapiro, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Edwin C. Rowell, while imprisoned in the Rapides Parish jail, escaped by walking out of jail with a work release crew in place of another prisoner. He was apprehended in Texas, returned to Rapides Parish and charged with simple escape. La. R.S. 14:110A(1). After trial by jury, he was found guilty as charged. Thereafter, by bill of information, defendant was charged under the Habitual Offender Law, La.R.S. 15:529.1, and sentenced to serve 10 years at hard labor. Defendant reserved nine bills of exceptions during trial. In his brief to this court, he abandons Bills of Exceptions Nos. 2, 3, 4 and 8. He relies upon the remaining bills in this appeal for reversal of his conviction and sentence.

BILL OF EXCEPTIONS NO. 1
This bill was reserved to the court's denial of defendant's motion for a continuance. Defense counsel asserts that he first learned of his appointment on June 26, 1974, the date defendant was arraigned. Counsel urges that he was afforded only fifteen to twenty minutes to meet and converse with defendant prior to his arraignment. Thereafter, defendant was taken from the courtroom and immediately transported to Angola, with no further contact with appointed counsel. An order was sought, which would bring defendant to Rapides Parish jail pending trial of this matter so that counsel could have free access to him.
*673 On the day of arraignment (June 26, 1974), the trial date was set for July 8, 1974. The motion for continuance and order to bring defendant to the parish jail was filed on July 5, 1974, the Friday prior to the Monday trial date.
A hearing of this motion and order was held on July 8 (trial date). The district attorney testified that, after the arraignment, he had a conversation with defense counsel in which he offered to keep defendant in the parish jail for as long as he (defense counsel) wanted so that he could discuss Rowell's defense with him. According to the district attorney, defense counsel declined the offer and indicated this would not be necessary. Accordingly, defendant was removed to Angola. There was no contradiction of this testimony.
In its per curiam to this bill, the trial court stresses the fact that no allegations were made, nor any evidence presented, to support any reason for the need of more time to prepare or for the necessity of any further conference with the accused. The court further indicates that the defense of this matter was relatively simple and counsel had been afforded ample opportunity to confer with the accused. The court also states that defense counsel could have easily gone to Angola to confer with defendant in which event he would have been paid his expenses and for time expended. Finally, the court cites defendant's past record of escapes and the poor condition of the parish jail as additional reasons for having transported defendant to Angola. Under these circumstances, we are unable to say that the trial court abused its discretion in denying the motion for continuance. See State v. Brewer, 301 So.2d 630 (La.1974).
This bill is without merit.

BILL OF EXCEPTIONS NO. 5
Defendant reserved this bill to the trial court's overruling his objection to the following question propounded to a state witness, Guimbellot, (an inmate of parish prison at the time of defendant's escape), the complaint being that the answer was hearsay:
Will you tell the jury as best you can exactly what it was you heard Mr. Rowell say?
In answer, this witness not only stated what the defendant said, but also referred to what was said by the other party, Weathersby. No objection was again made to the answer.
As posed, the question merely called for an answer regarding what this witness heard the defendant say. Defendant concedes this portion was admissible. The objectionable part of the answer was unresponsive. It is well established that unsolicited and unresponsive testimony cannot be charged against the state to provide a ground for reversal. State v. Dotson, 260 La. 471, 256 So.2d 594 (1972); State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971); State v. Callihan, 257 La. 298, 242 So.2d 521 (1970). In any event, Weathersby was called to testify and related the same conversation.[1] Thus, the right to cross-examine was satisfied, eliminating any possible prejudicial effect of the unresponsive testimony. We find no merit to this bill.

BILL OF EXCEPTIONS NO. 6
This bill was reserved to the trial court's overruling the objection to the deputy clerk, criminal section of Rapides Parish, reading certain handwritten notes made by him on a document identified as the bill of information in defendant's prior burglary conviction. The notes had been made by the witness contemporaneously with the occurrence of the events. It was from these notes that the minute entries were prepared. The minute entry for January 21, 1974 reflected defendant's previous guilty *674 plea to simple burglary and the sentence imposed.
On direct examination, the witness identified defendant as the individual who entered a guilty plea to simple burglary and was sentenced on January 21, 1974. This testimony was relevant to show that defendant was lawfully incarcerated at the time of his escape. When questioned by the state as to what the minute entry reflected on that date, objection was made and sustained. However, on cross-examination, defense counsel proceeded to question the witness as to the events which occurred on that date. Apparently, the purpose of this line of questioning was to attack his identification of defendant. On re-direct, the state proceeded to question the witness concerning his notes made on the day in question (January 21, 1974). Defendant objected. To the overruling of his objection, this bill of exceptions was reserved.
The objection was predicated on the fact that this document (as well as the minute entry) was already in evidence and therefore the witness should not be allowed to read from it. It is argued that this was a violation of the "best evidence" rule.
La.R.S. 15:436 provides:
The best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced.
In the first place, the testimony of this witness was not being offered to prove either the content of the document or the minute entry, both of which had already been produced and filed in evidence. Rather, the re-direct examination of the witness in reference to his notes was to refresh his memory regarding the events which occurred on January 21, 1974, the door having been opened to this line of questioning by defendant on cross examination. Hence, there is no merit to this bill.

BILL OF EXCEPTIONS NO. 7
During closing argument, the district attorney offered the documents previously received in evidence for examination by the jury. Objection was made and overruled. This bill was reserved.
The objection of the defendant is that the state's case had been closed; the defense had rested its case; and the matter was being argued to the jury. Thus, examination of the documents by the jury was improper. The state answers that the items had already been introduced and received in evidence; they were merely being exhibited to the jury during closing argument. The per curiam of the trial judge states that, through oversight, these documents, although introduced and received in evidence, had not been read or submitted for examination to the jury. At this time, the state was making its closing argument. The court had not yet charged the jury.
In State v. Adam, 117 La. 925, 42 So. 427 (1906), it was held that documents offered on behalf of the state and received in evidence during trial, but not then read to the jury, may be read by the prosecuting attorney in his closing argument.
We do not find that the trial court committed error in permitting the district attorney to submit documents previously received in evidence to the jury for its examination during his closing argument.
Bill of Exceptions No. 7 is without merit.

BILL OF EXCEPTIONS NO. 9
After conviction for simple escape, defendant was charged by bill of information with being a multiple offender. La. R.S. 15:529.1. In this bill of exceptions, defendant complains that the information so filed is at variance with the minutes of court in that the bill charges "that on the 13th day of March, 1969," he entered a *675 plea of guilty as charged "and was sentenced to serve three (3) years at hard labor"; whereas, the minutes of court show defendant pled guilty on March 13, but was not sentenced until March 28. Defendant contends that the bill of information should have been amended to reflect the correct facts and that the failure of the state to do so requires that his sentence as a multiple offender be set aside.
The multiple offender statute, La.R.S. 15:529.1, concerns the punishment of those persons who have been previously convicted of felonies. The term "convicted" means "adjudicated guilty after a plea or after trial on the merits." Art. 934, La. Code Crim.P. (1966).
The indictment must, of necessity, inform the accused of the nature and cause of the accusation against him. La.Const. art. 1, § 10 (1921). The multiple offender indictment need only inform the accused that he was previously convicted of a felony within the time period set forth in the statute. La.R.S. 15:529.1. Any other matter within the indictment can be regarded as surplusage. The bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents with reasons.
CALOGERO, J., dissents for the reasons assigned by BARHAM, J.
BARHAM, Justice (dissenting).
I respectfully dissent from the majority's affirmance of the defendant's sentence. The minute entries reflect that the defendant was convicted and sentenced on the same day, July 24, 1974, on the charge of multiple offenses. In my opinion, this constitutes an error patent on the face of the record, which must be considered by this Court under the mandate of La.C.Cr.P. art. 920.
In my dissent in State v. Rowell, La., 306 So.2d 668, I set forth the rationale behind my opinion that La.C.Cr.P. art. 873, which requires a seventy-two hour delay between conviction and sentencing, must apply to a conviction as a multiple offender. For those same reasons, it is my opinion that this defendant's case should be remanded for resentencing in accordance with La.C.Cr.P. art. 873.
I respectfully dissent.
NOTES
[1] The state's brief states that Weathersby was called to testify and this is not contradicted by defendant although this portion of the testimony is not contained in the record.