306 So.2d 668 (1975)
STATE of Louisiana
v.
Edwin C. ROWELL.
No. 55315.
Supreme Court of Louisiana.
January 20, 1975.
Donald Sharp, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. *669 Ware, Dist. Atty., L. Paul Gianfala, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
By bill of information, the State charged Edwin C. Rowell with simple escape from a work release center, occuring on June 11, 1974. See LSA-R.S. 14:110A(1). On July 17, 1974, he was tried by a jury and convicted. Following a Multiple Offender hearing on July 24, 1974, the trial judge sentenced him to imprisonment for a term of ten years. From his conviction and sentence, the defendant has appealed, relying upon four bills of exceptions. Another bill, Bill of Exceptions No. 6, was neither briefed nor argued and is deemed abandoned.

BILL OF EXCEPTIONS NO. 1
Defense counsel reserved Bill of Exceptions No. 1 when the trial court denied his challenge for cause of a prospective juror. As noted by the trial judge in his Per Curiam, the peremptory challenges allowed the defense were not exhausted during the jury selection process.
Article 800 of the Louisiana Code of Criminal Procedure provides in pertinent part:
"A defendant cannot complain of a ruling refusing to sustain a challenge for cause made by him, unless his peremptory challenges shall have been exhausted before the completion of the panel."
The article is clear that a defendant cannot complain of the denial of a challenge for cause unless he exhausts his peremptory challenges in the selection of the jury. See State v. Pellerin, La., 286 So.2d 639 (1973); State v. Corbin, La., 285 So.2d 234 (1973); State v. Vassel, La., 285 So.2d 221 (1973); State v. Smith, La., 283 So.2d 470 (1973); State v. Spencer, 257 La. 672, 243 So.2d 793 (1971).
Bill of Exceptions No. 1 is, therefore, without merit.

BILL OF EXCEPTIONS NO. 2
The Deputy Clerk of Court was called as a witness to identify a certified copy of an extract of the minutes of the court. The extract was then admitted into evidence without objection, after having been examined by defense counsel. At the State's request and over a defense objection, the Clerk was allowed to read the document aloud. The defendant reserved Bill of Exceptions No. 2. The defendant contends that the reading of the document violates the best evidence rule.
As the document itself was admitted in evidence, the best evidence rule was not violated. See State v. Wilkerson, 156 La. 881, 101 So. 252 (1924); State v. Adam, 117 La. 925, 42 So. 427 (1906); State v. Collens, 37 La.Ann. 607 (1885). Hence, the ruling of the trial judge was correct.
Bill of Exceptions No. 2 is, therefore, without merit.

BILL OF EXCEPTIONS NO. 3
Bill of Exceptions No. 3 was reserved when the court overruled the defendant's objection to the introduction of certain documents during the Multiple Offender hearing. The documents consisted of original and certified copies of certain court minutes. The defendant asserts that no foundation to show the authenticity of the documents had been laid.
LSA-R.S. 15:457 provides:
"A copy of a document, certified to by the officer who is the legal custodian of the same is equivalent to the original in authenticity ..."
LSA-R.S. 15:459 provides:
"Whenever, during the trial of any criminal case, either party may desire to offer in evidence any record, paper or document belonging to the files or records of the court in which the trial is proceeding, the presiding judge shall, at the request of such party, direct the *670 clerk to produce such record, document or paper, in order that the same may be used in evidence; and it shall not be necessary for the clerk in any such case to make a copy of such record, document or paper."
Any records on file with the Clerk of Court, and otherwise admissible in a judicial proceeding, may be introduced into evidence in the form of originals or certified copies. It is unnecessary for the Clerk or Deputy Clerk of Court to personally appear and testify as to the authenticity of such records. See State v. Moity, 245 La. 546, 159 So.2d 149 (1964), reversed on other grounds, 379 U.S. 201, 85 S.Ct. 323, 13 L.Ed.2d 339; State v. Wilkerson, supra.
This bill of exceptions is without merit.

BILL OF EXCEPTIONS NO. 4
The defendant was sentenced immediately after his Multiple Offender hearing on July 24, 1974. The defense reserved Bill of Exceptions No. 4 to his immediate sentencing, contending that the mandatory seventy-two hour delay of Code of Criminal Procedure Article 873 had not been met. The defense contention presupposes that a finding of recidivism in a Multiple Offender hearing constitutes a separate conviction of a crime. The Multiple Offender Statute, LSA-R.S. 15:529.1, does not make it a crime to be a multiple offender. It merely provides for an enhanced penalty against a multiple offender for the basic crime for which he has been previously convicted. State v. Boatner, La., 304 So.2d 661 (1974); State v. George, 218 La. 18, 48 So.2d 265 (1950); State v. Hardy, 174 La. 458, 141 So. 27 (1932).
A Multiple Offender hearing deals only with the sentencing of the defendant. The seventy-two hour delay of Article 873 is the required delay between conviction of the basic crime and sentencing. That delay was satisfied here. The defendant was sentenced on July 24, 1974, seven days subsequent to his conviction on July 17, 1974, for simple escape.
Bill of Exceptions No. 4 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents with reasons.
CALOGERO, J., dissents for the reasons assigned by BARHAM, J.
BARHAM, Justice (dissenting).
I respectfully dissent. In my opinion, Bill of Exceptions Number 4 presents reversible error.
That bill was reserved when the trial court sentenced the defendant immediately after his Multiple Offender hearing on July 24, 1974, in spite of defense objections that the mandatory seventy-two hour delay of La.Code of Criminal Procedure Article 873 had not been met. The defendant was convicted of simple escape on July 17, 1974. On that same date he was arraigned under the Multiple Offender bill, to which he pleaded not guilty. On July 24, 1974, the defendant was tried on the Multiple Offender bill and found "guilty as charged" by the court. Although the defendant sought a seventy-two hour delay, the court immediately sentenced him to ten years imprisonment, to run consecutively with the sentence for simple escape.
The majority holds that no seventy-two hour delay was required between the conviction of multiple offenses and the sentencing therefor. In the majority's opinion, a multiple offender hearing "deals only with the sentencing of the defendant." In my opinion, this is an erroneous conclusion on the part of the majority. Before an individual can be sentenced as a multiple offender, he must be indicted and arraigned; he must plead guilty or not guilty; if he pleads not guilty, the State must present proof of his guilt; and finally, *671 there must be an adjudication of guilt or innocence which is tantamount to rendering a verdict. I cannot find any ground upon which to distinguish a multiple offender trial and conviction from a trial and conviction for any other offense.
La.Code of Criminal Procedure Article 873 specifically uses the word "conviction," and in my opinion, this defendant was "convicted" within the meaning of that word as used in the Code article. The delay provided by Article 873 is a mandatory minimum period provided in order to allow the defendant sufficient time to perfect bills of exceptions and motions, in particular, a motion for a new trial. This defendant was denied sufficient time to do these things, time that he was entitled to have under the La.Code of Criminal Procedure.
In my opinion, failure to observe the seventy-two hour delay mandated by the Code constituted reversible error as to the sentence. The case should be remanded for resentencing. For that reason I must dissent.