477 So.2d 817 (1985)
STATE of Louisiana
v.
George BRUCE.
No. 85-KA-193.
Court of Appeal of Louisiana, Fifth Circuit.
October 10, 1985.
Martha E. Sassone, Staff Appellate Counsel, 24th Judicial Dist. Indigent Defender *818 Bd., Gretna, for George Bruce, defendant-appellant.
Dorothy A. Pendergast, Asst. Dist. Atty., Research and Appeals, Gretna, for State of Louisiana, plaintiff-appellee.
Before BOUTALL, GRISBAUM and DuFRESNE, JJ.
BOUTALL, Judge.
George Bruce was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64, and found guilty as charged. Following a presentence investigation, defendant was sentenced to 15 years at hard labor to be served without benefit of parole, probation, or suspension of sentence. Defendant appeals his conviction and sentence.
Appellant assigns these two errors for our review: whether the trial court committed reversible error in denying a motion for new trial and whether the trial court committed reversible error in denying the motion to suppress the photographic identification.

FACTS
On the morning of November 11, 1983, two men entered the Texaco station/food store where Gerald Alleman was employed as a cashier. One of the men made a small purchase and as he was paying for this purchase, the second man approached the cash register, which was open, and said, "leave it open." Alleman looked up to see the second man holding a gun. Alleman backed away from the register. As the second man was grabbing money from the register, the gun went off and both robbers ran from the store. This entire series of events was recorded by a security camera in the store.
Alleman pressed an alarm button and called the police. When the police arrived, Alleman gave them descriptions of the men; additionally, a witness who saw the two men flee gave the police a description and license number of the car the two men fled in. One of the police lifted a fingerprint from the register which was later identified as being the defendant's.
Four days after the robbery, Alleman was shown a photographic lineup of six men, and Alleman positively identified Bruce as the gunman. Bruce was arrested and charged with armed robbery.

ASSIGNMENT OF ERROR NO. 1
Appellant contends the trial court committed reversible error in denying his motion for new trial. Prior to sentencing, defense counsel filed a motion for new trial partly on the basis the jury venire was not chosen in accordance with the defendant's right to be tried by a jury of his peers. The trial judge denied the motion.
Louisiana jurisprudence has long held that the proper procedural vehicle for alleging that the general or petite jury venire was improperly drawn, selected or constituted is a Motion to Quash, La.C.Cr.P. art. 532(9). State v. Corey, 339 So.2d 804 (La. 1976); State v. Ramos, 390 So.2d 1262 (La. 1980). A Motion to Quash based on these grounds must be filed before trial and in conformity with La.C.Cr.P. articles 521, 535(C). Failure to timely file a Motion to Quash constitutes a waiver of all objections to the general or petite jury venire.
In the instant case, defendant failed to file a Motion to Quash before trial; instead he challenged the jury venire for the first time in his Motion for New Trial. In light of the Corey and Ramos decisions, we find that the objection was raised too late in the trial court and here on appeal, and thus affirm the trial judge's denial of defendant's Motion for New Trial. Even if the objection had been raised in a timely manner, the record is devoid of any evidence tending to support defendant's argument. This assignment lacks merit.

SUFFICIENCY OF THE EVIDENCE
In his motion for new trial, defendant also argued the State failed to prove each element of armed robbery beyond a reasonable doubt. Specifically, he contends the State failed to prove that anything of value was taken. LSA-R.S. 14:64 provides in part:
Armed robbery is the taking of anything of value belonging to another from *819 the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
The standard of review for sufficiency of the evidence is whether the evidence considered in the light most favorable to the prosecution is sufficient to convince a rational trier of fact that the essential elements of the crime have been proved beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984); Jackson v. Virginia, 443 U.S. 307, 99 S.C. 2781, 61 L.Ed. 560 (1979).
As evidence that the defendant took something of value the State presented the testimony of the victim who testified concerning the robbery: "At that time, the one with the gun reached over to the register with his left hand and reached around the register and reached for what money he could get ..." Additionally, the State introduced a videotape of the robbery taken from the store's security camera, which showed the defendant reaching into the cash register. The jury viewed this tape several times. Further, the State introduced a fingerprint lifted from the cash register drawer which matched the defendant's.
We find that the evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact that something of value was taken from the cash register, and that the essential elements of robbery were proved beyond a reasonable doubt.
Accordingly, assignment of error No. 1 lacks merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial court erred in denying the Motion to Suppress the photographic identification. Because the photograph of defendant shown to the victim for possible identification was a mug shot, defendant contends the identification procedure was unnecessarily suggestive and rendered the identification inadmissible. The other five photographs used in the lineup were also mug shots. The trial judge denied the motion, stating: "These photographs are almost deceptively similar and certainly not suggestive in any way of being a particular person." We agree with that conclusion for the reasons set forth below.
To suppress identification testimony, a defendant must prove that the identification itself was suggestive and there was a likelihood of mistaken identification as a result of the identification procedure. Manson v. Brathwaite, 432 U.S. 98, 97 S.C. 2243, 53 L.Ed. 140 (1977), and State v. Prudholm, 446 So.2d 729 (La. 1984). The lineup is unduly suggestive if the identification procedure displays the defendant such that the witnesses' attention is focused on the defendant.
Our review of the photographs reveals that the six photographs shown Alleman are of the same size and shape with very similar backgrounds. Further, the persons in the photographs are of similar build and feature. Also, our review of the testimony shows that the lineup presented to Alleman was not presented in a suggestive manner. The detective who showed the photographs to Alleman testified at the suppression hearing that he gave Alleman the photographs in a stack, and that the defendant's photograph was neither first nor last. Alleman testified the detective did not even suggest to him that a photograph of a police suspect was included in the stack.
We conclude the use of a mug shot was not unduly suggestive. The mug shots were only used at the suppression hearing and were not introduced into evidence at trial. There is nothing suggestive about any of them. See State v. Sanders, 357 So.2d 1089 (La.1978), which held that a photographic lineup shown to a nine-year old rape victim was fair despite the fact that the photographs, including defendant's, were mug shots. Accordingly, this assignment lacks merit.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.