526 So.2d 1287 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Larry James BRUNO, Jr., Defendant-Appellant.
No. CR87-967.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1988.
*1288 Susan Kutcher, St. Martinville, for defendant-appellant.
B. Boudreaux, J.P. Haney, Dist. Atty's. Office, New Iberia, for plaintiff-appellee.
Before FORET and LABORDE, JJ., and REGGIE,[*] J. Pro Tem.
EDMUND M. REGGIE, Judge Pro Tem.
On January 14, 1986, the defendant, Larry James Bruno, Jr., was convicted of armed robbery, a violation of La.R.S. 14:64. On July 11, 1986, the defendant was sentenced to serve a term of sixty-six years at hard labor, without benefit of parole, probation or suspension of sentence. Defendant now appeals, raising four assignments of error.
*1289 FACTS:
During the early morning hours on July 17, 1985, the defendant entered the Circle K Store in Breaux Bridge and robbed Marie Annette Thibodeaux. Ms. Thibodeaux identified the defendant as the robber, and further testified that he was armed with a gun during the robbery.
Defendant was subsequently questioned by the police and at that time defendant admitted he did rob the store, and that he threw the "gun" away when he was arrested. The "gun" in question was a pellet gun. The defendant's mother testified that the gun looked like a real gun.

ASSIGNMENT OF ERROR NUMBER 1:
By this assignment of error the defendant argues that the trial court erred in "limiting defendant's cross-examination" of Jimmy Lindon. Defense counsel was cross-examining Lindon and was seeking to demonstrate that Lindon was biased against defendant because defendant may have told people that Lindon was receiving compensation benefits to which he may not have been entitled. Defendant asked, "Did you think or did anybody tell you that Larry was going to tell somebody that you shouldn't be receiving compensation?" The prosecutor made a hearsay objection. The defendant argued that the question was asked to determine the state of mind of the witness and not for the purpose of demonstrating that the information was actually true. The trial judge excluded this testimony.
La.R.S. 15:486 states, "each side has the right to impeach the testimony and the credibility of every witness sworn on behalf of the other side." La.R.S. 15:492 states that, "When the purpose is to show... the witness is biased, ... it is competent to question him as to any particular fact showing or tending to show such bias...."
In State v. Sweeney, 443 So.2d 522 (La. 1983), the Louisiana Supreme Court stated that generally the Louisiana jurisprudence supports a full scope of cross-examination in the interest of exposing, for the trier of fact, any bias, etc.
In the instant case the trial judge erred in sustaining the prosecutor's hearsay objection. Defendant's question to Lindon regarding whether he had heard from anyone that his brother was spreading the word that Lindon was not eligible for compensation, was not offered to show the truth of these statements. Rather, this question was asked to show Lindon's state of mind, to show Lindon was biased against the defendant.
Since the evidence at issue here was not hearsay, and because Sweeney supports full cross-examination, the trial judge erred in sustaining the prosecutor's objection.
Even though this testimony was not excludable as hearsay it might still be too remote or speculative to be admissible. General prejudices or special biases which are too irrelevant to or too remote from issues of the case at trial are considered improper impeachment of a witness for purposes of exposing bias. State v. Ditcharo, 452 So.2d 1201 (La.App. 5 Cir.1984), writ not considered, 456 So.2d 162 (La. 1984). In Ditcharo, defendant was trying to impeach his sister-in-law by showing she was biased because he refused to intercede on her behalf in a matter involving his (defendant's) mother. The court, after learning that this incident occurred fifteen months before defendant's crime, found this incident too remote to be proper impeachment.
In the instant case it is not known when the incident which gave rise to "any bias" occurred. Defense counsel contends that it was fairly recent.
Since the trial court erred in sustaining the prosecutor's hearsay objection, and assuming that the evidence which would have resulted from this question was otherwise admissible, no reversible error occurred. La.C.Cr.P. Art. 921. Even if an error occurs, if the court finds beyond a reasonable doubt that this error was harmless, in the light of the total circumstances, defendant's conviction will not be overturned. La.C.Cr.P. Art. 921; State v. Humphrey, 412 So.2d 507 (La.1981), appeal *1290 after remand, 445 So.2d 1155 (La.1984); State v. Spell, 399 So.2d 551 (La.1981).
In State v. Williams, 445 So.2d 1171 (La.1984), the court concluded that the defense should have been allowed to develop the personal bias of an investigating detective which could influence his veracity. This detective identified certain exhibits and related events which were told to him by the victim and the defendant. The Supreme Court determined there was error, but it was harmless because the witness was not an eyewitness, and the testimony given was essentially identical to the versions of the victim and the defendant.
In the instant case the error which occurred is harmless. La.C.Cr.P. Art. 921. The challenged witness was not an eyewitness. Ms. Thibodeaux, the victim, identified the defendant as the perpetrator of the crime. Defendant admitted that he committed the crime to his mother and to the police. The testimony of the allegedly "biased" witness, Jimmy Lindon, was not needed to convict the defendant. Lindon's testimony did not result in substantial prejudice to the defendant.

This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 2:
By this assignment of error the defendant argues that the trial court erred in admitting hearsay evidence (statements made by the victim to police), pursuant to the res gestae hearsay exception. Defendant failed to brief this assignment of error. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

ASSIGNMENT OF ERROR NUMBER 3:
By this assignment of error the defendant argues that the law and the evidence failed to support a finding that he was guilty of armed robbery. Specifically, defendant contends that insufficient evidence was presented to identify the defendant as the perpetrator of the crime. Additionally, defendant contends that there was insufficient evidence to prove that he was armed with a dangerous weapon when he committed the instant offense.
Identification Issue:
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), set forth the standard for reviewing whether the evidence, in a criminal case, is insufficient to support a conviction. Under Jackson the question on review is whether any rational factfinder, viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of the offense proven beyond a reasonable doubt.
Ms. Thibodeaux, the clerk at the convenience store and the victim of the robbery, identified the defendant as the robber. Ms. Thibodeaux was absolutely certain of her identification. Ms. Thibodeaux stated that she recognized the defendant because she had seen him three or four days earlier when he entered the store and told her he was having car trouble. Other witnesses, Johnny Menard, Sr. and Earl Maiben, corroborated Ms. Thibodeaux's testimony that defendant had earlier been in the store complaining of car trouble.
Finally, Elizabeth Bruno, the defendant's mother, testified that she had asked her son why he robbed the store. Bruno testified that her son answered that he did not know what he was doing.
Any rational factfinder, after viewing the evidence in the light most favorable to the prosecution, could conclude beyond a reasonable doubt, that the defendant was the person who robbed Ms. Thidobeaux.
Dangerous Weapon Issue:
La.R.S. 14:64 states:
"A. Armed robbery is the theft of anything of value ... while armed with a dangerous weapon." (Emphasis added.)
The defendant's argument is that the toy pellet gun he had is not an inherently dangerous weapon and that in the manner it was used could cause harm to no one.
La.R.S. 14:2(3) defines dangerous weapon to include, "gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."
The use of an inherently harmless object in a manner that creates circumstances *1291 likely to produce death or great bodily harm results in the inherently harmless object being a dangerous weapon. State v. Gould, 395 So.2d 647 (La.1980); State v. Byrd, 385 So.2d 248 (La.1980).
In State v. Green, 409 So.2d 563 (La. 1982), defendant used a toy cap pistol to rob a savings and loan. The Louisiana Supreme Court determined that under the circumstances, any witness to the robbery upon observing the life threatening situation could have attempted by use of gun or other weapon to disarm the defendant and, during such an altercation, death or great bodily injury could occur to the victim, the defendant, or to a witness. The Louisiana Supreme Court concluded that the manner in which defendant used the toy pistol, and its effect on the employees of the savings and loan provided sufficient evidence within the Jackson v. Virginia rule, for a jury to find that the toy pistol was a dangerous weapon.
In State v. Rattler, 503 So.2d 168 (La. App. 4 Cir.1987), writ denied, 507 So.2d 224 (La.1987), defendants stopped their victims on Interstate 610. One of the victims surrendered his wallet and both of the victims laid down on the Interstate shoulder because they believed defendants were armed. The victims never saw a gun but they complied because they heard a clicking sound which they believed to be a gun. The appellate court found that although defendants did not directly threaten to shoot the victims, the atmosphere of intimidation created by forcing the victims to lie down on the highway in a defenseless position prompted the reasonable reaction of the victims to fear for their lives and the jury was justified in finding all the elements existed for the crime of armed robbery.
In this case Ms. Thibodeaux testified that defendant threatened her with what she thought was a real gun. Ms. Thibodeaux testified that the gun had a long barrel and a wooden handle grip. Ms. Thibodeaux testified, "God, I thought I was going to faint. I was scared." "I figured he'd a shot me."
The reasonableness of Ms. Thibodeaux's fears is bolstered by the testimony of Ms. Elizabeth Bruno, defendant's mother. Ms. Bruno testified that she had a pellet gun, which had a six to eight inch barrel, and which she kept in a box in a closet. Ms. Bruno testified that the gun had wooden handles and looked like a real gun. Ms. Bruno noticed the gun was missing after the crime.
In this case the pellet gun was used in a manner which led the victim to believe it was a weapon. State v. Talbert, 416 So.2d 68 (La.1982). The victim perceived the object. The fear that the situation was dangerous was reasonable under the circumstances. The jury as the trier of fact could have reasonably found that the State proved beyond reasonable doubt that the robbery was committed with a dangerous weapon.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 4:
By this assignment of error the defendant contends that the trial court erred in failing to comply with the sentencing guidelines in C.Cr.P. Art. 894.1, and in sentencing him to an excessive sentence.
The trial judge is required to state for the record both the considerations he has taken into account, and the factual basis for imposition of sentence. La.C.Cr. P. Art. 894; State v. Schaeffer, 414 So.2d 730 (La.1982). The trial court does not have to state every aggravating and mitigating factor but the record must reflect that the statutory guidelines in Art. 894.1 were adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La. App. 3 Cir.1983).
Important elements which should be considered include defendant's personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983); State v. Ezernack, 408 So.2d 907 (La.1981).
*1292 In the instant case the trial judge considered the fact that defendant was a fourth felony offender. The trial judge concluded that because of defendant's extensive record there was an undue risk of recidivism. The trial judge also concluded that defendant needed a custodial environment best provided by a state penitentiary, and that any lesser sentence would deprecate the seriousness of defendant's crime. The trial judge found no mitigating factors.
The defendant contends that there were mitigating factors in this case. Defendant contends he did not harm the clerk, had not been convicted of a crime for seven years, and has a family to support. The defense attorney called some of these factors to the sentencing judge's attention, but it is clear that the judge did not consider them in arriving at sentence.
In Schaeffer, supra, the trial judge referred to the presentence report in sentencing the defendant, but made no mention of aggravating or mitigating factors, except for defendant's prior conviction. The Supreme Court found that the trial judge failed to comply with Art. 894.1.
In Soco, supra, the trial judge recited only that the defendant had perjured himself and thereby showed no intent to rehabilitate. The Supreme Court concluded the trial court failed to comply with Art. 894.1.
In Ezernack, supra, the Louisiana Supreme Court found that Art. 894.1 was not complied with because the trial court failed to consider defendant's background and character.
In the instant case the trial judge considered only defendant's arrest and conviction record. The trial judge failed to adequately comply with Art. 894.1.
Failure to comply with Art. 894.1 does not automatically render a sentence invalid. State v. Davis, 448 So.2d 645 (La. 1984); State v. Wimberly, 414 So.2d 666 (La.1982).
In Wimberly, supra at 672, the court stated:
"In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge's failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1."
The trial judge generally has wide discretion in determining the sentence a defendant is to receive. The trial judge's determination will not be reversed absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2 Cir.1983).
In the case at bar the defendant received a sixty-six-year sentence for armed robbery. Armed robbery, a violation of La.R.S. 14:64 carries a potential sentence of up to ninety-nine years. Defendant's sentence is well within statutorily authorized limits. Even a sentence within legislatively mandated limits can violate the mandate against excessive punishment in Art. 1 Sec. 20 of La. Const. of 1974.
A sentence is excessive if it is grossly out of proportion to the severity of the offense or nothing more than a needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Winzer, 465 So.2d 817 (La.App. 2 Cir. (1985).
Defendant had three prior felony convictions. Louisiana jurisprudence supports lengthy sentences for defendants who have multiple prior felony convictions.
In State v. Douglas, 389 So.2d 1263 (La. 1980), the defendant received a ninety-nine year sentence for armed robbery. Douglas' sentence was upheld because he had three prior felony convictions and was believed to be a likely recidivist.
In State v. Causey, 450 So.2d 1071 (La. App. 1 Cir.1984), the defendant received concurrent seventy-five and eighty-year sentences for armed robbery. Causey's *1293 sentences were upheld because he was a third felony offender, and because he had solicited witnesses to commit perjury at his trial.
In State v. Wilson, 452 So.2d 773 (La. App. 4 Cir.1984), defendant received a ninety-nine-year sentence. Wilson's sentence was upheld because the appellate court found support for this maximum sentence from defendant's extensive arrest and conviction record.
In the case at bar the defendant had an extensive record of prior convictions. Defendant committed a very serious crime, a crime during which innocent parties could easily have been injured.
The mitigating factors of defendant's family status, and the fact that no actual harm resulted to the victim, should have been considered by the trial court in passing sentence. The aggravating factors and the jurisprudence in factually similar cases supports the trial judge's sentencing choice. Defendant's sentence is not excessive.

This assignment of error lacks merit.
For the foregoing reasons, defendant's sentence and conviction are affirmed.
AFFIRMED.
NOTES
[*] Judge Edmund M. Reggie, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.