570 So.2d 46 (1990)
STATE of Louisiana,
v.
Joseph P. GEORGE.
No. 90-KA-291.
Court of Appeal of Louisiana, Fifth Circuit.
October 11, 1990.
Rehearing Denied December 17, 1990.
*47 John M. Mamoulides, Dist. Atty., Al Donovan, Harold A. Buchler, Jr., Asst. Dist. Attys., Gretna, for plaintiff, appellee.
Martha E. Sassone, Gretna, for defendant, appellant.
Before BOWES, GAUDIN and WICKER, JJ.
WICKER, Judge.
This appeal arises from a jury conviction of two counts of armed robbery pursuant to La.R.S. 14:64. A sentence of 35 years at hard labor was imposed by the trial judge on each count, to be served concurrently. Defendant, Joseph P. George now appeals the conviction and sentence. We affirm the conviction but set aside the sentence and remand for resentencing.
*48 George was charged with two counts of armed robbery. The jury found him guilty on both counts.
The testimony at trial revealed the following:
In the early morning hours of August 27, 1989 Donald Nunez, Michael "Kevin" Turner and Matthew Lightfoot went to a small grocery store near the entrance to the Harbour Apartments in Harvey to purchase beer for a party they had been attending. Upon discovering the store closed, the three drove into the parking area behind the building to respond to nature's call. As the three got back into the car, a black male approached the vehicle, brandished a weapon and demanded their money and valuables. As they surrendered their wallets and jewelry, the man reached into the car and grabbed a purse belonging to the car's owner, Bridget Boudreaux. He then fled.
The three young men discussed whether they should report the robbery and decided that since no one had been hurt they would not notify the police at that time but would wait until they could discuss the matter with their parents. They then went to Turner's house where they slept until later in the day.
While the victims slept, Officer Terry Porter was called to a location in Harvey from which a burglary-in-progress report had emanated. He knocked on the door and the man who answered advised him that no one in the apartment had placed the call to the police and that, in fact, the apartment had no phone. When Porter asked if he were the owner, he responded that the owner was someone named "Jerry". Porter entered the residence after receiving permission from the occupant. Once inside he observed another occupant using "rock" cocaine and saw the defendant emerge from the bathroom. As Porter gathered all the occupants together, Terry Tate, the owner of the apartment arrived. She told Porter she had made the burglary complaint because she wanted George, a previous boyfriend, removed from the apartment. He had refused to leave when she asked him and she was too afraid to take any other action on her own.
She consented to a search of the apartment which resulted in the seizure of a bag containing the contents of the victims' wallets and purse. The victims were called by the Sheriffs Office since no report of any theft/robbery had been made. Based upon the advice of their parents, both Turner and Nunez decided to press charges. Lightfoot, the third victim, could not be located.
A photo lineup was prepared by Porter and both Turner and Nunez positively identified George as the perpetrator.
After conviction George was sentenced to 35 years at hard labor on each count, to be served concurrently. He assigns the following errors on appeal:
1. The trial court erred in denying the defendant's motion to suppress the photographic identification of the defendant;
2. The evidence presented against the appellant was not sufficient to justify the verdict;[1]
3. Also assigned as error are any and all errors patent on the face of the record, and
4. The trial court committed reversible error in sentencing the defendant to an excessive sentence.

IDENTIFICATION:
The appellant's primary complaint is that Officer Porter failed to include photographs of the other men arrested with the defendant in the lineup presented to the victims.
Counsel for George contends that "the omission of the two other photographs in the lineup constituted a suggestive lineup conducive to a mistaken identification."
Officer Porter explained why the photos were not included. He stated:

*49 based on Mr. Turner's description, of the subject that robbed him, ahm ... the two subjects wouldn't fit. Once (sic) subject was approximately nineteen ... eighteen or nineteen years of age. He was slightly medium complexioned negro male. His hair was black and short. The other subject was a negro male of approximately thirty to thirty five years of age, dark complexioned, very dark. And his hair also was black and short. And they advised me that the subject had a jerri curl. And his hair was medium length.
A lineup is unduly suggestive if the identification procedure displays the defendant such that the witness's attention is focused on him. State v. Bruce, 477 So.2d 817 (La.App. 5th Cir.1985), State v. Brown, 470 So.2d 259 (La.App. 5th Cir.1985).
Strict identity of physical characteristics among the persons depicted in the photo array is not required. All that is required is a sufficient resemblance to reasonably test the identification. State v. McNeal, 471 So.2d 1170 (La.App. 3rd Cir. 1985).
This determination is made by examining articulable features of the pictures used: height, weight, build, hair color, length, and texture, facial hair, skin color and complexion, and the shape of the nose, eyes, lips, etc. See State v. Guillot, 353 So.2d 1005 (La.1977).
In the present case twelve photographs, including that of defendant, comprised the photo array. Several of the photographs closely resembled the defendant. All of the photographs were of the same type, i.e., "mug shots" and were on similar backgrounds. All of the persons wore civilian clothes and appeared to be similar to the defendant in age, coloring, and facial characteristics. We agree with the trial judge there was no undue suggestiveness in the procedure. The fact that another possible suspect was not included in the photo array does not warrant suppression on the grounds of suggestiveness.
Furthermore, even assuming the identification had been suggestive, this alone does not indicate a violation of the defendant's right to due process. IT is the likelihood of misidentification which violates due process, not merely the suggestive identification procedure. State v. Guillot, supra.
In assessing whether an identification is reliable, the five factors set out in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) must be weighed against the corrupting effect of the suggestive identification itself. These factors include the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.
In applying these factors to the instant case, it is readily apparent that the identifications constituted reliable evidence and were therefore admissible.
The victims had an ample opportunity to view the robber. Both testified that their attention was riveted on the perpetrator at the time of the occurrence. Both gave descriptions that closely resembled the photograph ultimately selected by them. They also testified they were certain the defendant was the perpetrator.
Under the circumstances, it is clear that there was little likelihood of misidentification. Accordingly, this assignment lacks merit.

SUFFICIENCY OF EVIDENCE:
In order to convict the defendant of armed robbery, the state must prove the following elements contained in La.R.S. 14:64 beyond a reasonable doubt:
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
The standard for reviewing sufficiency of evidence is to "resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution." State v. Langford, 483 So.2d 979, *50 983 (La.1986). The Langford court further held at 983:
When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime, [quoting State v. Captville, 448 So.2d 676, 678-9 (La.1984)]
In the instant case, the jury, after hearing all of the evidence found the defendant guilty of two counts of armed robbery. Although the defendant testified denying he had committed the robbery, the jury must have found the state's witnesses testifying to the contrary to be more credible. It is within the province of the jury as fact finder to weigh the credibility of witnesses and an appellate court should not undermine that assessment beyond the sufficiency evaluation under the Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard of review. See State v. Butler, 450 So.2d 764 (La.App. 5th Cir. 1984).
The argument regarding the sufficiency of the evidence lacks merit. The record reflects that the defendant was positively identified by both victims as the man who, while armed with a gun, took their wallets and valuables. Such behavior is encompassed within the statutory definition of armed robbery as provided by La.R.S. 14:64.
Officer Porter testified he also recovered a "blank B.B. gun ... similar to a nine millimeter automatic" from the search of the apartment. Both victims testified the defendant had a gun and demanded money. One victim also stated the defendant demanded their "gold".
Even should the B.B. gun have been the gun the victims saw, a pellet gun has been held to be a "dangerous weapon" within the context of the armed robbery statute. See State v. Bruno, 526 So.2d 1287 (La. App. 3rd Cir.1988).
Viewed in the light most favorable to the prosecution, the evidence presented supports that all elements of the crime of two counts of armed robbery were proven by the state in this case. This assignment lacks merit.

SENTENCE:
Defendant argues the sentence imposed is excessive. He received two, 35 year concurrent sentences for two counts of armed robbery. That sentence is less than one-half of the statutory maximum of ninety-nine years without benefit of parole, probation or suspension of sentence. La. R.S. 14:64.
In order to determine whether a sentence is excessive,
We must determine whether that penalty is grossly disproportionate to the severity of the crime. [T]o determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice, [citations omitted].
State v. Bonanno, 384 So.2d 355, 358 (La. 1980).
In the absence of a sentence which shocks the appellate court's sense of justice, the trial court is given great discretion. State v. Lanclos, 419 So.2d 475 (La. 1982).
The defendant in the present case was a previous felony offender, and had one earlier armed robbery arrest, although the conviction, which resulted from a plea bargain, was for simple robbery. He was unemployed at the time of the current offense and was arrested in an apartment where narcotics and drug paraphernalia were found. The trial judge additionally noted that the defendant had been arrested on several occasions for theft.
Under the circumstances, the two thirty-five year concurrent sentences, less that one-half (½) of the statutory maximum of ninety-nine years without benefit of parole, probation or suspension of sentence is not excessive. See e.g. State v. Williams, 536 So.2d 773 (La.App. 5th Cir.1988).

*51 ERRORS PATENT:
A review of the record pursuant to La.C.Cr.P. art. 920 reveals minutes which reflect that the trial judge failed to observe the mandatory twenty-four (24) hour delay set by La.C.Cr.P. art. 873. However, the transcript shows that the defendant's counsel pronounced the defendant ready for sentencing following the denial of the motion for new trial.
This Court has determined that defense counsel's affirmative response to a question by the trial judge as to whether the defendant was ready for sentencing constitutes a waiver. State v. James, 527 So.2d 504 (La.App. 5th Cir.1988). Since the minutes do not accurately reflect what transpired in open court, the transcript prevails. See State v. Lynch, 441 So.2d 732 (La.1983). As the transcript contains an announcement by the defense counsel that his client stood ready for sentencing, no error is presented.
The record also reflects that the two 35 year concurrent sentences were imposed with benefit of probation, parole and suspension available, rather than without, in contravention of the penal provision of La.R.S. 14:64. Such a sentence is illegally lenient. The state specifically raises the issue of the illegal sentence in brief and seeks a remand to the district court for resentencing in accordance with the mandate of La.R.S. 14:64 to reflect the sentence be without benefit of probation, parole or suspension of sentence.
In State v. Sepcich, 473 So.2d 380, 389 (La.App. 5th Cir.1985), affirmed 485 So.2d 559 (La.App. 5th Cir.1986), we set aside an illegally lenient sentence and remanded for resentencing when, as in the instant case:
(1) the defendant here makes application to this Court to review the entire record for any errors patent and to set aside the sentence because it was excessive, and
(2) the State, in its brief, requests this Court to correct the illegal sentence.
473 So.2d 380 at 389.
Accordingly, for the reasons stated defendant's conviction is affirmed, but his sentence is set aside and the case remanded to the trial court for resentencing.
CONVICTION AFFIRMED, SENTENCE SET ASIDE, CASE REMANDED FOR RESENTENCING.
NOTES
[1] Defendant also delineated as errors the trial judge's denial of his motion to dismiss and motion for new trial. Neither of these alleged errors are briefed. Accordingly, they are deemed abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.