11 MURRAY, Judge.
The defendant, Herman J. Bernard, was charged by bill of information with possession of a stolen vehicle valued over five hundred dollars, a violation of La.R.S. 14:69. After a jury trial on March 16, 1994, Mr. Bernard was found guilty as charged. He was adjudicated a second felony offender and was sentenced to five years at hard labor. *107 Mr. Bernard appeals his conviction and his adjudication as a second offender.
At approximately 11:45 a.m. on June 28, 1993, New Orleans Police Officers Bryan Frere and Alfred Celestain were in a marked police vehicle driving southbound on Dale Street towards Warfield Street when they observed a blue Chevrolet Celebrity with no license plate make an illegal U-turn in the intersection of Dale and Warfield. The driver of the vehicle, Mr. Bernard, got out of the vehicle and flagged the officers down. Mr. Bernard left the driver’s door open; the officers observed that the steering column and the rear vent window were broken. The officers also observed a screwdriver, a rubber mallet, a heavy gauge Rsteel nail and a metal rod on the driver’s floorboard. Mr. Bernard told the officers that there had been an accident at the intersection of Dale and Warfield and he did not want one of the vehicles to leave the scene. The officers informed Mr. Bernard that he was under investigation for possible possession of a stolen vehicle and advised him of his Miranda rights. The officers then cheeked on the parties involved in the accident. After finding that the parties had settled matters on their own and exchanged pertinent information, the officers returned to speak with Mr. Bernard. The officers checked the vehicle’s identification number through the NCIC computer and found that the vehicle was stolen. The officers asked Mr. Bernard for the registration papers for the vehicle and his driver’s license. He did not have either document. The officers then arrested Mr. Bernard for possession of a stolen vehicle. When Officer Frere attempted to handcuff him, Mr. Bernard struggled with and kicked the officer. After the defendant was subdued, the defendant was again advised of his Miranda rights.
At trial, the owner of the vehicle, Carol Romagossa, testified that the vehicle was stolen the night before Mr. Bernard was arrested. When her vehicle was returned to her, she noticed that a window and the steering column was broken and there was damage to the interior of the vehicle. Ms. Roma-gossa stated that she did not know Mr. Bernard and had not given him permission to use her vehicle. Ms. Romagossa purchased the vehicle in March or April of 1993 for $5,500.00. At the time of trial, she still owed $2,500.00 on the vehicle.
A review of the record for errors patent reveals none.
In his first assignment of error, Mr. Bernard contends that the trial court erred in considering pretrial motions without his being present in the courtroom. Specifically, he contends that his presence was required at the hearing on the | amotions to suppress held on January 7, 1994. The minute entry from that date indicates that although the defendant was not present, his trial counsel was present and did not object to the defendant’s absence. It appears, from the record, that a hearing on the motions to suppress was not held. Based on the statement by the state “that no motions lie”, defense counsel withdrew all motions to suppress.
Further, it should be noted that under La.C.Cr.P. article 834[1], a defendant’s presence is not required at a suppression hearing prior to trial. State v. Kahey, 436 So.2d 475 (La.1983); State v. Serrato, 424 So.2d 214 (La.1982); State v. Snyder, 496 So.2d 1117 (La.App. 4th Cir.1986). The Louisiana Supreme Court recognized in State v. Kahey, 436 So.2d at 483-84 that the “Louisiana Code of Criminal Procedure article 834 provides that the defendant has the right to be present during the making, hearing of, or ruling on a preliminary motion or application addressed to the court. But this right may be waived by the defendant or his attorney, by his voluntary absence or his failure to object *108 to argument or discussion during his absence.” In this instance, it does not appear a hearing was held and further, by failing to object to the defendant’s absence, defense counsel waived defendant’s right to be present.
This assignment is without merit.
|4In the second, and final assignment of error, Mr. Bernard argues that the trial court erred in adjudicating him a second felony offender as the multiple bill of information was defective. The multiple bill of information alleges that Mr. Bernard:
was duly charged in a Bill of information filed on July 23, 1993 by Charles Heuer, Assistant District Attorney for the Parish of Orleans under the Case Number 364-713 of the docket of Criminal District Court for the Parish of Orleans, Section “G”, with the crime of violating La.R.S. 14:69 A relative to possession of stolen things, a felony under the laws of Louisiana, that afterward, to-wit on the 30th day of July, 1993, the said accused pled guilty as charged.
And now the said Michael S. Futrell, Assistant District Attorney for the Parish of Orleans, who prosecutes on behalf of the State of Louisiana, comes into the Criminal District Court for the Parish of Orleans, in the Parish of Orleans, and gives the said Court here to understand and be informed that heretofore, the said Herman Bernard was duly charged in Case Number 325643, of the docket of Section “G” with the crime of violating La.R.S. 14:69, relative to possession of stolen property, that afterward on the 16th day of March, 1994, the said accused was found guilty.
The said Herman Bernard who was sentenced as first above set out, is one and the same person who was sentenced in Case Numbers 325-643 and 364r-713.
A review of the documents evidencing the predicate offense reveals that on March 30, 1988, the defendant, in case number 325-643, pled guilty to possession of stolen property. The defendant was found guilty of the present offense on March 16, 1994. Thus, it appears that the two cases were confused when the multiple bill of information was executed.
While the multiple bill of information confuses the predicate offense and the present offence, a review of the hearing transcript reveals that the defendant and his counsel were aware of the facts of the predicate offense being used to enhance 15his sentence. In fact, defense counsel stated at the hearing that he represented the defendant in the predicate offense. Further, the defendant did not object to the alleged defect in the multiple bill. While defendant objected to the introduction of the exhibits at the multiple bill hearing, no objection was made in regard to the allegations in the multiple bill of information. Therefore, under C.Cr.P. article 841, the defendant is precluded from raising this issue on appeal.
This assignment is without merit.
Accordingly, Mr. Bernard’s conviction and sentence is affirmed.
AFFIRMED.
PLOTKIN, J., dissents.
WALTZER, J., concurs with written
reasons.

. Code of Criminal Procedure article 834 states:
The defendant has a right to be present, but his presence is not essential to the validity of any of the following proceedings in a criminal prosecution:
(1)The making, hearing of, or ruling on a preliminary motion or application addressed to the court;
(2) The making, hearing of, or ruling on a motion or application addressed to the court during the trial when the jury is not present; except as provided in Clause (4) of Article 831; and
(3) The making, hearing of, or ruling on a motion or application made after his conviction.