738 So.2d 630 (1999)
STATE of Louisiana
v.
Paul BIGLANE.
No. 99-KA-111.
Court of Appeal of Louisiana, Fifth Circuit.
May 19, 1999.
*633 Laurie A. White, Louisiana Appellate Project, New Orleans, for Appellant, Paul Biglane.
Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, Frank Brindisi, Terry M. Boudreaux, Assistant District Attorneys, Gretna, for Appellee, State of Louisiana.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
On December 8, 1994, the Jefferson Parish District Attorney filed a bill of information charging defendant, Paul W. Biglane, with one count of distribution of marijuana in violation of La. R.S. 40:966 A. Defendant was arraigned and pled not guilty. On January 15, 1998, a hearing was held on defendant's motion to suppress evidence and identification and defendant's motion for disclosure of confidential informant. The trial court denied these motions, and a jury trial commenced. At the conclusion of trial, the jury returned a verdict of guilty as charged. The trial court thereafter sentenced defendant to fifteen years at hard labor.
On February 2, 1998, the state filed a multiple offender bill of information alleging that defendant was a third felony offender. On March 19, 1998, during the hearing on the multiple offender bill of information, defendant admitted to being a second offender and was sentenced to fifteen years at hard labor pursuant to an agreement with the state. This appeal ensued. For the following reasons, we affirm and remand.

FACTS
The following facts come from testimony and other evidence in the record before us. On July 5, 1994, Agents Corey Wilson and George Carcabasis of the Jefferson Parish Sheriff's Office received a tip from a confidential informant that defendant was selling marijuana. The two agents spoke with their supervisor and decided to set up a purchase of marijuana from defendant. Agent Wilson was supplied with thirty-five dollars to purchase a quarter ounce of marijuana.
Agent Wilson and the confidential informant then drove in an unmarked police car to the corner of 21st Street and Belle Chase Highway in Jefferson Parish. Once they arrived, the confidential informant introduced defendant to Agent Wilson, then left the car and acted as a "lookout." After the confidential informant got out of the car, defendant sold Agent Wilson a bag of marijuana for which Agent Wilson paid defendant thirty-five dollars.
After the purchase, Agent Wilson and Agent Carcabasis attempted to arrange further purchases from defendant for a few months, but they were unsuccessful. When the attempts at further purchases failed, defendant was arrested by Agent Carcabasis, who took a photograph of defendant at the scene of the arrest. Agent Carcabasis created a photographic lineup that included the picture of defendant. This lineup was shown to Agent Wilson, who identified defendant as the person who sold him marijuana on July 5, 1994.

DISCUSSION
In defendant's first assignment of error, defendant asserts that the trial court erred in failing to order the disclosure of the identity of the confidential informant who facilitated the sale because the confidential *634 informant participated in defendant's crime.
As a general rule, an informant's identity is privileged information. State v. Oliver, 430 So.2d 650 (La.1983), cert. denied, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983). This privilege is founded upon public policy and seeks to further and protect the public interest and law enforcement by encouraging persons to supply information to the police without fear of reprisal by the person to whom the information pertains. State v. Zapata, 97-1230 (La.App. 5 Cir.5/27/98), 713 So.2d 1152, writ denied, 98-1766 (La.11/6/98), 727 So.2d 443.
Thus, the identity of an informant should be made known to the accused only when his right to prepare his defense outweighs the need for protection of the flow of information. State v. James, 396 So.2d 1281, 1284 (La.1981). The burden is on the defendant to show exceptional circumstances warranting disclosure of the name of a confidential informant. State v. Davis, 411 So.2d 434, 436 (La.1982). The trial court is accorded great discretion in making such a determination. State v. James, supra.
With regards to questions involving disclosure of the identity of confidential informants, Louisiana has adopted the balancing test as set forth in Roviaro v. United States, 353 U.S. 53 at 62-64, 77 S.Ct. 623 at 628-629, 1 L.Ed.2d 639 (1957). The following guidelines determine when disclosure is necessary:
When an informant only supplies the information and does not participate in the transaction, disclosure is not required. On the other hand, when the informant plays a crucial role in the transaction and the defense meets its burden of showing exceptional circumstances justifying disclosure, disclosure is required. Participation in the alleged criminal transaction is the key; if the informant does not participate, the defendant cannot compel disclosure.
State v. Becnel, 95-591 (La.App. 5 Cir. 1/30/96), 668 So.2d 1281, 1286 (citations omitted).
In the present case, the record reflects that the confidential informant notified the police that defendant was selling marijuana, rode with Agent Wilson to the site of the sale and introduced Agent Wilson to defendant. The record further reflects that the confidential informant then got out of the car and did not participate in the actual sale of marijuana.
Defendant argues that exceptional circumstances existed in this case because the confidential informant set up and participated in defendant's crime. However, the testimony is clear that the transaction took place between defendant and Agent Wilson when the confidential informant was outside of their presence.
As the confidential informant did not participate in the actual sale of marijuana, defendant cannot compel disclosure. Therefore, the trial court did not err in denying defendant's motion to disclose the identity of the confidential informant. Accordingly, this assignment is without merit.
In defendant's second assignment of error, defendant argues that the trial court erred in not granting his motion to suppress identification because the photographic lineup was unduly suggestive and there was a likelihood of misidentification.
A defendant challenging an identification procedure must prove that the identification was suggestive and that there was a substantial likelihood of misidentification. State v. Lowenfield, 495 So.2d 1245 (La.1985), cert. denied, 476 U.S. 1153, 106 S.Ct. 2259, 90 L.Ed.2d 704 (1986). Even if the identification procedure is found to be suggestive, this alone does not violate due process, for it is the likelihood of misidentification that violates due process, not the mere existence of suggestiveness. State v. Every, 96-185 (La.App. 5 Cir.7/30/96), 678 So.2d 952.
*635 Fairness is the standard of review for identification procedures, and reliability is the linchpin in determining the admissibility of identification testimony. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The factors to be considered in assessing reliability were initially set out in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and approved in Manson v. Brathwaite. They include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation.
Any corrupting effect of a suggestive identification procedure is to be weighed against these factors. Manson v. Brathwaite; State v. Martin, 595 So.2d 592 (La.1992). Finally, in evaluating a challenge to an identification procedure, courts must consider the totality of the circumstances to determine whether an identification presents a substantial likelihood of misidentification. Manson v. Brathwaite.
A lineup is unduly suggestive if the identification procedure displays the defendant such that the witness's attention is focused on him. State v. Bruce, 477 So.2d 817 (La.App. 5 Cir.1985). Strict identity of physical characteristics among the persons depicted in the photo array is not required. All that is required is a sufficient resemblance to reasonably test the identification. State v. McNeal, 471 So.2d 1170 (La.App. 3 Cir.1985). This determination is made by examining articulable features of the pictures used: height, weight, build, hair color, length, and texture, facial hair, skin color and complexion, and the shape of the nose, eyes, lips, etc. State v. George, 570 So.2d 46 (La.App. 5 Cir.1990).
In the present case, defendant argues that the lineup was suggestive because defendant is effecting a defiant pose in his photograph. However, Agent Wilson testified at the suppression hearing that each of the persons portrayed in the lineup "had an attitude." At trial, Agent Wilson testified that in viewing the lineup, he focused on the faces in the pictures and not the body language.
Defendant also argues that the lineup is suggestive because of dissimilarities between the appearance of those included in the lineup. We have reviewed the photographic lineup and note that all of the pictures are of white men of approximately the same age and all have some sort of facial hair. We further note that while there is no strict identity of physical characteristics among the persons depicted in the photo array, such strict identity is not required. State v. McNeal, supra. Upon review, we do not find that the lineup is unduly suggestive.
Furthermore, at trial, Agent Wilson testified that during the marijuana purchase, he focused on defendant for "a couple of minutes" from a distance of less than a foot. He also testified that he choose defendant's picture in the lineup as soon as the pictures were laid out. Upon review, we also find that defendant failed to show that there was a likelihood of misidentification which would have warranted the suppression of the identification. Therefore, the trial court did not err in denying defendant's motion to suppress the identification. Accordingly, this assignment is without merit.
In defendant's third assignment of error, defendant argues that his conviction should be overturned because the prosecutor in his closing rebuttal impermissibly misled the jurors and appealed to prejudice.
The scope of the closing argument is limited to the evidence admitted, the lack of evidence, conclusions of fact drawn therefrom, and the law applicable to the case. The argument may not appeal to prejudice. La.C.Cr.P. art. 774. However, *636 a prosecutor retains considerable latitude in making closing arguments. State v. Taylor, 93-2201 (La.2/28/96), 669 So.2d 364, cert. denied, 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106 (1996). A guilty verdict will not be overturned on the basis of improper argument unless the reviewing court is "thoroughly convinced the remarks influenced the jury and contributed to the verdict." State v. Bates, 495 So.2d 1262, 1273 (La.1986), cert. denied, 481 U.S. 1042, 107 S.Ct. 1986, 95 L.Ed.2d 826 (1987); Taylor, supra at 375.
In the present case, the prosecutor made the following comments regarding disclosure of the identity of the confidential informant in his closing rebuttal:
And I'm not saying that all confidential informants are drug dealers. You have some people out there who are good citizens, who live in bad areas, who want to help police and give them information. Women in their homes, in the afternoon, while the kids are in school who see drug activity, who call up. You think they'd call up, knowing that they'd have to come here and testify? I don't think so. Not with people like him (indicating) out there.
At this point, defense counsel objected and moved for a mistrial, which was denied. However, the trial court instructed the jury to disregard the prosecutor's remark.
Defendant argues that this statement misled and appealed to the jury's prejudice. Viewing these remarks alone, and in the light of the state's entire case, we are not thoroughly convinced that the jury was influenced by them, or that the remarks contributed to the verdict. Therefore, the remarks made by the prosecutor did not deny defendant his right to a fair trial. Accordingly, this assignment of error lacks merit.
In his fourth assignment of error, defendant argues that there was insufficient evidence at trial to support the verdict.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986).
In the present case, defendant argues that the evidence presented at trial was insufficient to show that he sold marijuana to Agent Wilson. Specifically, defendant argues that because he was not arrested until a few months after the drug buy, the reliability of his identification by the officers is called "into serious doubt." We disagree.
At trial, Agent Wilson testified unequivocally that defendant sold him marijuana on the night of July 5, 1994. Additionally, Agent Carcabasis testified at trial that he witnessed the sale from a distance of approximately seventy-five to one hundred yards away through binoculars. He further testified that he was able to hear the transaction through a microphone that Agent Wilson was carrying. Based on his observation of the sale, Agent Carcabasis also identified defendant as the person who sold the marijuana to Agent Wilson.
Upon review, viewing the evidence in the light most favorable to the prosecution, we find that there was sufficient proof presented at trial for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. Therefore, this assignment of error lacks merit.
In defendant's fifth assignment of error, defendant argues that his conviction as a multiple offender should be vacated because the trial court failed to advise him of his rights prior to accepting his admission to the allegations contained in the multiple offender bill of information. Defendant also argues that the multiple offender finding should be overturned because the multiple *637 bill of information contained errors which rendered the bill fatally defective and the record does not clearly establish which predicate offense serves as the basis for finding defendant a multiple offender.
La. R.S. 15:529.1 sets out the required procedure for finding a defendant to be a multiple offender. A defendant's rights in a multiple offender proceeding were addressed by the Louisiana Supreme Court in State v. Johnson, 432 So.2d 815, 817 (La.1983), as follows:
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a "formal hearing" and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La. 1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
In the present case, the multiple offender bill of information alleged that defendant was a third felony offender, based on defendant's plea of guilty to a violation of La. R.S. 40:969 on December 7, 1990, and defendant's plea of guilty to a violation of La. R.S. 40:966(A) on November 30, 1988. At the hearing on the multiple offender bill of information, defendant and the state agreed that if defendant admitted to the allegations in the multiple offender bill of information, he would be sentenced to fifteen years as a second felony offender, despite the fact that the bill alleged that defendant was a third felony offender, which would require a life sentence.
During the hearing, defendant executed a waiver of rights form, in which defendant admitted the allegations contained in the multiple offender bill of information, and admitted to being a second felony offender. The waiver of rights form, which was signed by defendant, his attorney, and the trial judge, lists in detail the rights defendant waived, including the right to remain silent, to have a hearing, and to have the state prove the allegations in the multiple offender bill of information. After completing the form, the trial court questioned defendant as to whether he understood the rights listed in the form.
The issue in this case is whether the in-court discussion coupled with the executed waiver of rights form supports a finding that defendant knowingly and voluntarily waived his rights in admitting the allegations contained in the multiple bill of information. This Court has decided a line of cases similar to the present case, in which the trial court failed to specifically explain defendant's rights prior to accepting his admission to the allegations in the multiple offender bill of information, but engaged him in a colloquy which showed that defendant knowingly and voluntarily waived his rights. See State v. Wheelwright, 615 So.2d 385 (La.App. 5 Cir.1993), writ denied, 619 So.2d 576 (La.1993); State v. Carruth, 94-147, 94-148 (La.App. 5 Cir.9/27/94), 643 So.2d 1319; State v. Jackson, 96-783 (La.App. 5 Cir.1/28/97), 688 So.2d 123; and State v. Rose, 97-943 (La. App. 5 Cir. 1/27/98), 708 So.2d 1093, writ denied, 98-0673 (La.8/28/98), 723 So.2d 416.
Upon review of the instant matter, we find that the colloquy between defendant and the trial court, coupled with the executed waiver of rights form, support a finding that defendant knowingly and voluntarily waived his rights prior to admitting the allegations contained in the multiple offender bill of information.
Defendant also argues in this assignment that his multiple offender finding *638 should be vacated because of errors in the multiple offender bill of information. Defendant points to the fact that the multiple offender bill of information incorrectly states defendant's date of birth and fails to include the sentence imposed in one of defendant's prior convictions. The Louisiana Supreme Court in State v. Rowell, 306 So.2d 671, 675 (La.1975), examined the necessary information to be included in a multiple offender bill of information, and held:
The indictment must, of necessity, inform the accused of the nature and cause of the accusation against him. The multiple offender indictment need only inform the accused that he was previously convicted of a felony within the time period set forth in the statute. Any other matter within the indictment can be regarded as surplusage. (citations omitted).
Pursuant to Rowell, the bill in this case sufficiently informs defendant of the nature and cause of his prior felony convictions. The mistakes complained-of on appeal are surplusage which are not fatal to defendant's admission to being a multiple offender under La. R.S. 15:529.1.
In this assignment, defendant further claims that the record does not clearly disclose which predicate offense served as the basis for finding defendant a double felony offender. As stated, defendant admitted to being a second felony offender on his waiver of rights form and was sentenced as such by the trial court. Defendant complains on appeal that his multiple offender admission should be vacated since he had two prior felony convictions (he was billed as a third felony offender), and the record is not clear which of the two predicate convictions formed the basis for defendant being found to be a double felony offender.
We have reviewed the transcript of the March 19, 1998 multiple offender hearing in the record before us, and it is clear from the transcript of the hearing, as well as from the waiver of rights form, that, for the purposes of admitting to being a second felony offender, defendant admitted to having a prior felony conviction on December 7, 1990, in Orleans Parish for violation of La. R.S. 40:969. Defendant's main argument on appeal arises from the apparent confusion at the hearing as to what the correct case number was for that conviction. In the multiple offender bill of information, the case number is listed as 365-650. During the hearing, however, the defense attorney stated that defendant was admitting to the conviction in case number 345-650, then later stated that it was 345-690. Defendant's waiver of rights form lists the case number as 345-690. Despite the fact that it is referred to with three different case numbers, it is clear from the record before us that the case is one and the same.[1]
The Louisiana Fourth Circuit Court of Appeal faced a similar issue in State v. Bernard, 94-2052 (La.App. 4 Cir.11/16/95), 665 So.2d 106, writ denied, 95-2992 (La.3/15/96), 669 So.2d 426. In Bernard, the multiple offender bill of information confused the predicate offense and the substantive offense. The court reviewed the hearing transcript and found that the defendant and his counsel were aware of the facts of the predicate offense being used to enhance his sentence. Additionally, the defendant did not object to the alleged defect in the multiple bill. Because defendant failed to object, the court held that under La.C.Cr.P. art. 841, the defendant was precluded from raising the issue on appeal.
Upon our review of the instant case, we find that defendant was aware that he was admitting to his prior Orleans Parish conviction for violating La. R.S. 40:969 with regards to the multiple offender *639 hearing. The apparent confusion regarding the correct case number of the prior conviction does not invalidate defendant's admission that he was convicted of the offense. Furthermore, pursuant to Bernard, supra, and La.C.Cr.P. art. 841, defendant is precluded from raising this issue on appeal for failure to object during the multiple offender hearing. Therefore, this assignment of error lacks merit.
In defendant's sixth, and final, assignment of error, defendant requests a review of the record for errors patent, which was performed pursuant to La.C.Cr.P. art. 920.
La.C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The trial court in this case did not so inform defendant. We therefore order the trial court to send written notice of the prescriptive period to defendant within ten days of the rendering of this Court's opinion, then filing written proof in the record that defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5 Cir.9/14/94), 643 So.2d 1289.
In this assignment, defendant claims that the trial court erred by failing to note that defendant would be given credit for time served during the multiple offender sentencing, citing La.C.Cr.P. art. 880. The trial court did not state that defendant was given credit for time served during the multiple offender sentencing, but the commitment indicates that the trial court gave defendant credit for time served. A recent amendment to art. 880 makes any action from this court unnecessary. State v. Guidroz, 98-377 (La.App. 5 Cir.10/14/98), 721 So.2d 480, writ denied, 98-2874 (La.2/26/99), 738 So.2d 1061. As of August 15, 1997, art. 880 provides: "[a] defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." La. Acts 1997, No. 788, § 1. This provision is self-operating.
The state alleges in its appellate brief that the trial court sentenced defendant on the same day that defendant's motion for post-conviction judgment of acquittal and motion for new trial were denied. The state therefore claims that by denying the motions and sentencing defendant on the same day, the trial judge failed to observe the mandatory twenty-four hour delay between the denial of the motions and sentencing set out in La.C.Cr.P. art. 873. However, a review of the record reveals that defense counsel announced in open court after the denial of the motions that defendant was ready for sentencing. In State v. George, 570 So.2d 46 (La.App. 5 Cir.1990), we found that such an announcement waives the delay mandated by La. C.Cr.P. art. 873. Because of defense counsel's announcement, the delay was waived and there was no error.
Finally, for the first time on appeal, the state has filed a motion to correct illegal sentence, as the trial court did not comply with the provisions of La. R.S. 15:529.1 G, which states that sentences imposed under the multiple offender statute "shall be without benefit of probation or suspension of sentence." Because the state did not move for reconsideration of sentence in the trial court, nor did it object at the time of sentencing, pursuant to La. C.Cr.P. art. 881.2 B and 881.1 D, the state is precluded from raising this issue for the first time on appeal. State v. Harrell, 98-671 (La.App. 5 Cir.1/26/99), 727 So.2d 1231.
Accordingly, for the foregoing reasons, defendant's conviction and sentence are hereby affirmed. This matter is remanded to the trial court for further action consistent with this opinion.
AFFIRMED; REMANDED.
NOTES
[1] Because the three case numbers only differ by one number, these minor discrepancies could be typographical errors in the record of the prior conviction or in the record of this matter.